MICHAEL A. CARDOZO
Corporation Counsel
Attorneys for Defendant
The City of New York
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ESTHER EHRENFELD and ASHER EHRENFELD,

                                              Plaintiffs,

                    -against-

THE UNITED STATES OF AMERICA and THE CITY
OF NEW YORK,

                                              Defendants.

-------------------------------------------------------------------x

**DECLARATION OF CRAIG
KOSTER**

07 Civ. 8559 (PKL)

City File #: 2007-032064

I, Craig Koster, hereby declare as follows:

1.      I am an Assistant Corporation Counsel in the office of Michael A.

Cardozo, Corporation Counsel of the City of New York, attorney for the defendant The

City of New York (the "City").

2.      I have been assigned to this matter since its inception and, thus, am

familiar with its facts and circumstances.

3.    I respectfully submit this declaration in support of the City's motion for summary judgment. I make this declaration on personal knowledge except as otherwise set forth herein.

3.    This is an action for personal injuries arising out of an alleged trip and fall that allegedly occurred on November 20, 2006, on a sidewalk in front of the United States Department of Veterans Affairs, New York Harbor Healthcare Systems VA Medical Center (the "VA Hospital"), located on the east side of 1st Avenue between 24th and 25th Streets.

4.    Plaintiff filed a Notice of Claim on January 25, 2007, a copy of which is annexed hereto as Exhibit A. The Notice of Claim states that plaintiff tripped and fell over a defective sidewalk "in front of the premises known as the New York Campus of the Department of Veterans Affairs of New York Harbor Healthcare Systems 9VA), located on the East side of First Avenue between East 24th and East 25th Street, New York, NY" on November 20, 2006.

6.    Plaintiff filed a summons and complaint against the City and the United States of America on or about October 3, 2007. The City served its answer on November 2, 2007, and the United States of America served its answer on December 17, 2007. Copies of plaintiff's complaint and defendants' answers are annexed hereto as Exhibits B and C, respectively.

7.    The building in question, the VA Hospital, is owned by the United States of America. Annexed hereto as Exhibit C is the Answer filed on behalf of defendant The United States of America, ¶ 26, which reflects their ownership of the building.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on May 9, 2008
New York, New York

_____
Craig Koster

**EXHIBIT A**

15797

--------------------------------x

In the Matter of the Claim of
ESTHER EHRENFELD

-against-

THE CITY OF NEW YORK

--------------------------------x

TO:    CITY OF NEW YORK
       100 CHURCH STREET
       NEW YORK, NEW YORK 10007

SIR(S):

RECEIVED
CITY OF NEW YORK
LAW OFFICE
2007 JAN 26 P 2:01

NOTICE OF CLAIM

CITY OF N.Y. LAW DEPART.
OFFICE OF CORP. COUNSEL
07 JAN 25 PM 1:24

PLEASE TAKE NOTICE that the claimant herein hereby make(s) claim and demand against the CITY OF NEW YORK as follows:

1.   The name and post-office address of each claimant and his attorney is:

ESTHER EHRENFELD residing at 1737 54TH Street, Brooklyn, NY 11204.

SUBIN ASSOCIATES LLP, Attorneys for Claimant, Address: 291 Broadway, 9TH Floor, New York, NY, 10007

2.   The nature of the claim:
        Action to recover damages for personal injuries, medical expenses, hospital expenses, loss of earnings, etc.

3.   The time, place where and the manner in which the claim arose:
On November 20, 2006 at approximately at 11:10 am on the sidewalk located in front of the premises known as the New York Campus of the Dept of Veterans Affairs of New York Harbor Healthcare Systems (VA), located on the East side of First Avenue between East 24th and East 25th Street, New York, NY. The claimant, ESTHER EHRENFELD was caused to fall and be seriously injured by reason of the negligence and lack of care of THE CITY OF NEW YORK their agents, servants and/or employees suffering, causing and/or permitting and/or allowing portions of said sidewalk at said location to be become, and remain in a dangerous, defective, raised, chipped, hazardous, unleveled, irregular, uneven, hazardous, unsafe, broken, cracked, improperly designed, constructed and/or repaired, irregular condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons; the defect consisted of raised pavement on the sidewalk approximately 10 feet long as depicted in the annexed diagram and photographs. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

4.   The items of damage or injuries claimed are:
     Multiple injuries to head, neck, back, hands, shoulders, body, limbs, knees, legs and ankles , including a Left elbow fracture, etc., etc..

     Medical expenses, hospital expenses, physician services, etc.

RECEIVED
CITY OF NEW YORK
LAW OFFICE
2007 JAN 26 P 2:01

This said claim and demands hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE, that by reason of the premises in default of

The City of New York to pay to the claimants the sum of an

amount that exceeds the jurisdiction of the lower Court which would otherwise have

jurisdiction within the time limited for compliance with the demand by the said

City of New York by the statutes in such cases made and

provided, claimant intends to commence an action against The City

of New York to recover said sum of an amount which

exceeds the jurisdiction of the lower Court which would otherwise have jurisdiction with

interest and costs.

DATED:   New York, New York
December 22, 2006

Respectfully yours,

X _Esther Ehrenfeld_ Claimant

Subin Associates, LLP
ATTORNEY FOR CLAIMANTS

INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )
COUNTY OF New York   ) ss:

Esther Ehrenfeld , being duly sworn, depose and says:

That I Am _____ , the claimant herein: that he/she read the foregoing Notice

of Claim against the City of New York and knows the contents

thereof; that the same is true to his/her own knowledge, except as to the matters therein

stated to be alleged on information and belief, and that as to those matters he/she believes

it to be true.

X _Esther Ehrenfeld_

Sworn to before me this
22nd Day of December, 2006

_Theresa Caruso_

THERESA CARUSO
Notary Public, State of New York
No. 01CA6010794
Qualified in Richmond County
Commission Expires July 27, 2010

**EXHIBIT B**



2007PI006823
2007-032.069

AO 440 Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

### SUMMONS IN A CIVIL CASE

ESTHER EHRENFELD and ASHER EHRENFELD'

CASE NUMBER:

                                        Plaintiff (s),

     -against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK

                                        Defendant (s),

-------------------------------------------------------X

TO: (Name and address of defendant)

UNITED STATES OF AMERICA

THE CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**SUBIN ASSOCIATES, LLP**
**291 BROADWAY- 9TH FLOOR**
**NEW YORK, NEW YORK 10007**
**(212) 285-3800**

an answer to the complaint which is herewith served upon you, within days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

CLERK                                                      DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me' | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* TITLE | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other *(specify)*: _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
            *Date*                         *Signature of Server*

                                           _____
                                           *Address of Server*

(1)    As to who may serve a summons See Rule 4 of the Federal Rules of Civil I Procedure



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8559**

----------------------------------------------------------------------X

ESTHER EHRENFELD and ASHER EHRENFELD.

                      Plaintiff (s),

-against-

THE UNITED STATES OF AMERICA and THE CITY OF
NEW YORK,

                      Defendant (s),

TRIAL BY JURY DEMANDED
VERIFIED COMPLAINT

Index No.:

----------------------------------------------------------------------X

Plaintiffs, complaining of the defendants, by their attorney, upon information and belief,
respectfully allege:

AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF
OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

1.      That at all the times herein mentioned, the plaintiffs ESTHER EHRENFELD and

ASHER EHRENFELD were and still are domiciliaries of the State of New York residing at 1737

54th STREET, Brooklyn, New York. (Kings County).

2.      That the amount in controversy in this action exceeds ONE HUNDRED

THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

3.      That at all the times herein mentioned, the defendant THE CITY OF NEW

YORK, hereinafter referred to as "CITY", was and now is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

4.      That notice of plaintiffs' claim and notice of intention to sue and of the time when

and the place where the injuries alleged herein were incurred and sustained was duly filed by the

plaintiffs with the Corporation Counsel of the defendant CITY and with the Comptroller of the

defendant CITY within 90 days after the cause of action herein accrued.

5.      That pursuant to notice given by the defendant CITY a hearing was waived.

6.      That prior to the commencement of this action all of the requirements and

conditions precedent established in Section 394 (a)-1.0, Volume 2A, Chapter 16 of the

Administration Code of the City of New York have been met or are not required.

7. That more than 15 days prior to the subject accident, defendant CITY received prior written notice of the defective conditions.

8.    That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller of the defendant CITY for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

9.    That at all the times herein mentioned, and more particularly 11/20/2006, First Avenue between East 24th and East 25th Street, New York, NY was and still is a public roadway in the Borough of New York, County of New York, City and State of New York which consisted of a roadway and sidewalks thereat.

10.    That said sidewalks were public thoroughfares along and over which the public at large had a right to walk.

11.    That at all the times herein mentioned, the defendant CITY was the owner of the aforementioned roadway and sidewalks.

12.    That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees operated the aforementioned roadway and sidewalks.

13.    That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks.

14.    That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees managed the aforementioned roadway and sidewalks.

15. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees controlled the aforementioned roadway and sidewalks.

16.    That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said roadway and sidewalks in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

17.    That on or about 11/20/2006, while plaintiff was lawfully walking on the

aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

18.     That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap threat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

19     That this action falls within one or more of the exceptions set forth in CPLR 1602.

20     Both actual and constructive notice are claimed. Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

21.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily

believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT THE UNITED STATES OF AMERICA

22.     This plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though the same were more wholly and fully set forth at length herein.

23.     Plaintiff ESTHER EHRENFELD was injured in a sidewalk accident on 11/20/2006, as set forth above.

24.     At the time of the accident, the plaintiff ESTHER EHRENFELD was lawfully on the sidewalk which abutted premises owned by the defendant UNITED STATES operated by the Department of Veterans Affairs.

25.     As result of said accident, plaintiff ESTHER EHRENFELD was injured and received medical treatment and incurred medical expenses.

26.     That at all the times herein mentioned, the defendant UNITED STATES was the owner of the aforementioned property abutting the sidewalk where the accident occurred.

27.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees operated the aforementioned property.

28.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks property.

29.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees managed the aforementioned property.

30.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees controlled the aforementioned property.

31.     That at all the times herein mentioned, it was the duty of the defendant(s), its

agents, servants and/or employees to keep and maintain said roadway in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

32.    That on or about 11/20/2006, while plaintiff was lawfully walking on the aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

33.    That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE UNITED STATES OF AMERICA, their agents, servants and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

34    That this action falls within one or more of the exceptions set forth in CPLR 1602.

35    Both actual and constructive notice are claimed. Actual notice in that the

defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

36.    That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

## AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF OF PLAINTIFF AŞHER EHRENFELD

37.    Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

38.    That the plaintiff Esther Ehrenfeld is the wife of this plaintiff, resides with him and to whose services, aid, society, support and consortium he is entitled.  As a result of the aforesaid, this plaintiff sustained damages for the loss of services, aid, society, support and consortium of his said wife in all to his damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment against the defendants in the FIRST cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the SECOND cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the THIRD cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of this action.

Yours, etc.

BY: GENE L. CHERTOCK, ESQ. (GLC7053)
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
291 Broadway
New York, New York  10007

STATE OF NEW YORK,
COUNTY OF NEW YORK)

**ESTHER EHRENFELD** being duly sworn, deposes and says that I am the plaintiff in the within action, that I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to the alleged on information and belief, and that as to those matters, I believe them to be true.

This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR).

_____
ESTHER EHRENFELD

Sworn to before me this
day of  Sept  , 2007

JOSEPH SCHWARTZ
NOTARY PUBLIC, State of New York
No. 01SC6068450
Qualified in Kings County
Commission Expires Dec. 31, 20__

Index No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ESTHER EHRENFELD and ASHER EHRENFELD

Plaintiff (s),

-against-

THE UNITED STATE S OF AMERICA and THE CITY OF NEW YORK

Defendant (s),

---

### SUMMONS AND COMPLAINT

---

### SUBIN ASSOCIATES, L.L.P.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
291 Broadway, 9th Floor
New York, NY 10007
Telephone (212) 285-3800
Fax 571-0082 **(For Court Use Only)**

---

### WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION

---

To:
Attorney(s) for

---

Service of a copy of the within is hereby admitted
Dated:.

.....................................................
Attorney(s) for

---

PLEASE TAKE NOTICE

☐      That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on               . 20___.
**ENTRY**

☐      That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within

**SETTLEMENT**  named court.
               at
               on                  . 20___ . at 10:00 a.m.

Dated:

SUBIN ASSOCIATES, L.L.P.
Attorneys for plaintiff(s)
291 Broadway, 9th Floor
New York, NY 10007
(212) 285-3800

Attorney(s) for Defendant(s)

**EXHIBIT C**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2740
Fax No.: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER ENRENFELD and ASHER
EHRENFELD,

    Plaintiff(s),

     v.

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

    Defendant(s).

ECF

No. 07 Civ. 8559 (PKL)

**ANSWER**

   Defendant United States of America ("United States"), by its attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York, answers the Complaint of

Plaintiffs Esther Ehrenfeld and Asher Enrenfeld ("Plaintiffs"), upon information and belief, as

follows:

## AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

  1.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 1 of the Complaint.

  2.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint.

  3.  Denies knowledge or information sufficient to form a belief as to the truth of

allegations contained in Paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response in required.  If a response is required, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Admits the allegations contained in Paragraph 9 of the Complaint.

10.     Admits the allegations contained in Paragraph 10 of the Complaint.

11.     Admits the allegations contained in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

2

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 16 of the Complaint.

17.    Denies the allegations contained in Paragraph 17 of the Complaint.

18.    Denies the allegations contained in Paragraph 18 of the Complaint.

19.    The allegations contained in Paragraph 19 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 19 of the Complaint.

20.    The allegations contained in Paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations set forth in Paragraph 20 of the Complaint.

21.    Denies the allegations contained in Paragraph 21 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT THE UNITED STATES OF AMERICA

22.    The United States repeats and realleges its responses to the allegations contained in Paragraphs 1 through 21 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    Denies the allegations contained at Paragraph 26 of the Complaint, except avers that the United States owns the VA Hospital located at 423 East 23rd Street, New York, New York 10010.

27.    Denies the allegations contained at Paragraph 27 of the Complaint, except avers that the United States owns the VA Hospital located at 423 East 23rd Street, New York, New York 10010.

28.    Denies the allegations contained in Paragraph 28 of the Complaint.

29.    Denies the allegations contained in Paragraph 29 of the Complaint.

30.    Denies the allegations contained in Paragraph 30 of the Complaint.

31.    Denies the allegations contained in Paragraph 31 of the Complaint.

32.    Denies the allegations contained in Paragraph 32 of the Complaint.

33.    Denies the allegations contained in Paragraph 33 of the Complaint.

34.    The allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 34 of the Complaint.

35.    Denies the allegations contained in Paragraph 35 of the Complaint.

36.    Denies the allegations contained in Paragraph 36 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF
## OF PLAINTIFF ASHER EHRENFELD

37.    The United States repeats and realleges its responses to the allegations contained

4

in Paragraphs 1 through 36 of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 38 of the Complaint.

With respect to the WHEREFORE clause asserted in the Complaint, the United States

denies that Plaintiff is entitled to any such relief.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's own negligence was the sole proximate cause of her alleged injuries and

damages.

## THIRD DEFENSE

The United States acted reasonably and without negligence at all times relevant to the

events alleged in the Complaint.

## FOURTH DEFENSE

In the event the United States is found to be negligent, which negligence the United

States denies, the negligence of plaintiff contributed to plaintiff's injury and any recovery must

be proportionately reduced.

## FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, as required by law.

## SIXTH DEFENSE

Plaintiff's recovery, if any, must reduced pursuant to the collateral source statute, N.Y.

Civil Practice law § 4545(c).

## SEVENTH DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

## EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs claims.

## NINTH DEFENSE

To the extent Plaintiff was injured, such injury was caused by the City Defendant and not the United States.

WHEREFORE, the United States demands judgment dismissing the Complaint and granting such further relief as this Court deems just and proper, including costs and disbursements.

Dated: New York, New York
      December 17, 2007

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney
                Southern District of New York
                Attorney for the United States

By: CAROLINA A. FORNOS
                Assistant United States Attorney
                86 Chambers Street, 3rd Floor
                New York, New York 10007
                Tel.: (212) 637-2740
                Fax:  (212) 637-2702

TO:   Gene L. Chertock, Esq.
        SUBIN ASSOCIATES, LLP
        291 Broadway, 9th Floor
        New York, New York, 10007
        Tel.: (212) 285-3800
        *Counsel for Plaintiffs*

Craig Robert Koster, Esq.
NYC Law Department,
Office of Corporation Counsel
100 Church Street
New York, NY 10007
*Counsel for Defendant New York City*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ESTHER EHRENFELD and ASHER EHRENFELD,

                              Plaintiffs,

                -against-

THE UNITED STATES OF AMERICA and THE CITY
OF NEW YORK,

                          Defendants.

------------------------------------------------------------------------x

**ANSWER FOR DEFENDANT
THE CITY OF NEW YORK**

07 Civ. 8559 (PKL)

City File #: 2007-032064

       Defendant THE CITY OF NEW YORK ("City"), by Michael A. Cardozo, Corporation Counsel of the City of New York, answers plaintiff's complaint upon information and belief as follows:

       1.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 1 of the complaint.

       2.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 2 of the complaint.

       3.   Admitted.

       4.   Denies each and every allegation set forth in the paragraph designated 4 of the complaint, except admits that plaintiff filed a Notice of Claim with the City.

       5.   Denies each and every allegation set forth in the paragraph designated 5 of the complaint, except admits that a hearing did not take place.

       6.   Denies each and every allegation set forth in the paragraph designated 6 of the complaint.

7.  Denies each and every allegation set forth in the paragraph designated 7 of the complaint.

8.  Denies each and every allegation set forth in the paragraph designated 8 of the complaint, except admits that City has not made payment on the claim.

9.  Denies each and every allegation set forth in the paragraph designated 9 of the complaint, except admits that the First Avenue between East 24th and 25th Street, New York, NY is a public roadway.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 10 of the complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 11of the complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 12 of the complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 14 of the complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 14 of the complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 15 of the complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 16 of the complaint.

17. Denies each and every allegation set forth in the paragraph designated 17 of the complaint.

18. Denies each and every allegation set forth in the paragraph designated 18 of the complaint.

19. Denies each and every allegation set forth in the paragraph designated 19 of the complaint.

20. Denies each and every allegation set forth in the paragraph designated 20 of the complaint.

21. Denies each and every allegation set forth in the paragraph designated 21 of the complaint.

22. City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

23. Denies each and every allegation set forth in the paragraph designated 23 of the complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 24 of the complaint

25. Denies each and every allegation set forth in the paragraph designated 25 of the complaint.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 26 of the complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 27 of the complaint.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 28 of the complaint.

29. Denies knowledge and information sufficient to form a belief as to the

truth of the allegations contained in the paragraph designated 29 of the complaint

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 30 of the complaint

31. City denies each and every allegation set forth in the paragraph designated 31 of the complaint.  As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 31 of the complaint.

32. City denies each and every allegation set forth in the paragraph designated 32 of the complaint.  As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 32 of the complaint.

33. City denies each and every allegation set forth in the paragraph designated 33 of the complaint.  As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 33 of the complaint.

34. City denies each and every allegation set forth in the paragraph designated 34 of the complaint.

35. City denies each and every allegation set forth in the paragraph designated 35 of the complaint.  As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 35 of the complaint.

36. City denies each and every allegation set forth in the paragraph designated 36 of the complaint.

37. City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

38. City denies each and every allegation set forth in the paragraph designated 38 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's negligence caused or contributed to the injuries she allegedly sustained.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The amounts recoverable by plaintiffs are subject to limitation by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, and shall reduce any judgment rendered in favor of plaintiffs as against the City to the extent of the amount of the related tortfeasor(s)'s equitable share(s) of the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. The plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. This Court does not have personal jurisdiction over the City because service of process upon the City was defective and insufficient as a matter of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. Any costs or expenses from any collateral source shall reduce any judgment rendered in favor of plaintiff against this defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. If it is determined that the City is liable for any of the injuries allegedly sustained by the plaintiff, then the equitable share of the liability of the defendant is fifty percent or less of the total liability assigned to all persons who are liable.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

45. Any and all risks, hazards, defects and dangers alleged are of an open, obvious, apparent nature, inherent and known or should have been known to plaintiff.

**WHEREFORE**, the City demands judgment dismissing the complaint or, in the event that judgment is obtained against the City, said judgment is to be determined on the basis of apportionment of responsibility, or in such amounts as a jury or a court may direct, with costs.

Dated:     New York, New York
           November 2, 2007

                                        Yours, etc.,

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        Attorney for Defendant
                                        THE CITY OF NEW YORK ("City")
                                        100 Church Street
                                        New York, New York  10007

                                  By: _____
                                        CRAIG R. KOSTER (CK6054)
                                        Assistant Corporation Counsel
                                        100 Church Street
                                        New York, NY  10007
                                        (212) 788-7295

TO:    GENE L. CHERTOCK, ESQ. (GLC7053)
       SUBIN ASSOCIATES, LLP
       Attorneys for Plaintiffs
       291 Broadway
       New York, NY 10007

**AFFIRMATION OF SERVICE**

STATE OF NEW YORK  COUNTY OF NEW YORK, SS.:

The undersigned, an attorney admitted to practice in the courts of New York State and the Southern District of New York, shows: that she is employed in the office of the Corporation Counsel of the City of New York, and affirms this statement to be true under the penalties of perjury:

That on November 2, 2007, he served the annexed ANSWER upon:

> GENE L. CHERTOCK, ESQ.
> SUBIN ASSOCIATES, LLP
> Attorneys for Plaintiffs
> 291 Broadway
> New York, NY 10007

being the address within the State theretofore designated by them for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated:          New York, New York
                November 2, 2007

CRAIG R. KOSTER (CK6054)

8

07 Civ. 8559 (PKL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER EHRENFELD and ASHER EHRENFELD,

Plaintiffs,

-against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK,

Defendants.

## ANSWER OF DEFENDANT THE CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y. 10007

*By: Craig R. Koster*
*Tel: (212) 788-7295*
*NYCLIS No. 2007-032064*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................., *2006* . . .

................................................................................. *Esq.*

*Attorney for* .................................................................

9