MICHAEL A. CARDOZO
Corporation Counsel
Attorneys for Defendant
The City of New York
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

ESTHER EHRENFELD and ASHER EHRENFELD,

|  |  |
|---|---|
| Plaintiffs, | **DEFENDANT THE CITY OF NEW YORK'S LOCAL CIVIL RULE 56.1 STATEMENT** |
| -against- |  |
| THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK, | 07 Civ. 8559 (PKL) |
| Defendants. | City File #: 2007-032064 |

----------------------------------------------------------------------x

Defendant the City of New York (the "City") hereby respectfully submits its Statement Pursuant to Local Civil Rule 56.1 in support of its Motion for Summary Judgment.

### Defendant's Statement of Uncontested Facts

1.     Plaintiff, Esther Ehrenfeld, claims that on November 20, 2006, at approximately 11:10 a.m., she slipped and fell on a sidewalk in front of the United States Department of Veterans Affairs, New York Harbor Healthcare Systems VA Medical Center (the "VA Hospital"), located on the east side of 1st Avenue between 24th and 25th Streets.  See plaintiff's Notice of Claim, ¶ 3, annexed as Exhibit A and plaintiff's Complaint, ¶ 17, annexed as Exhibit B.

2.      Plaintiff alleges that she was caused to trip and fall over a raised and uneven sidewalk. See plaintiff's deposition transcript (31:6-11), annexed as Exhibit C.

3.      The VA Hospital located on the east side of 1st Avenue between 24th and 25th Streets is owned by defendant the United States of America. See Answer of defendant United States of America, ¶26, annexed as Exhibit D.

4.      Defendant City did not create the condition or cause any repairs to be made at the site of plaintiff's alleged fall. See Answer of defendant The City of New York, ¶18, annexed as Exhibit E.

Dated:  New York, New York
        May 9, 2008

                                        Respectfully submitted.

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        Attorney for Defendant
                                        The City of New York
                                        100 Church Street
                                        New York, New York 10007

                                        By:
                                            Craig Koster (CK-6054)
                                            Assistant Corporation Counsel
                                            (212) 788-7295

2

**EXHIBIT A**

15797

--------------------------------x

In the Matter of the Claim of
ESTHER EHRENFELD

-against-

THE CITY OF NEW YORK

--------------------------------x

TO:    CITY OF NEW YORK
       100 CHURCH STREET
       NEW YORK, NEW YORK 10007

SIR(S):

**NOTICE OF CLAIM**

RECEIVED
CITY OF NEW YORK
LAW DEPT'S OFFICE
2007 JAN 26 P 2: 01

PLEASE TAKE NOTICE that the claimant herein hereby make(s) claim and demand against the CITY OF NEW YORK as follows:

1.  The name and post-office address of each claimant and his attorney is:

ESTHER EHRENFELD residing at 1737 54TH Street, Brooklyn, NY 11204.

SUBIN ASSOCIATES LLP, Attorneys for Claimant, Address: 291 Broadway, 9TH Floor, New York, NY, 10007

2.  The nature of the claim:
       Action to recover damages for personal injuries, medical expenses, hospital expenses, loss of earnings, etc.

3.  The time, place where and the manner in which the claim arose:
On November 20, 2006 at approximately at 11:10 am on the sidewalk located in front of the premises known as the New York Campus of the Dept of Veterans Affairs of New York Harbor Healthcare Systems (VA), located on the East side of First Avenue between East 24th and East 25th Street, New York, NY. The claimant, ESTHER EHRENFELD was caused to fall and be seriously injured by reason of the negligence and lack of care of THE CITY OF NEW YORK their agents, servants and/or employees suffering, causing and/or permitting and/or allowing portions of said sidewalk at said location to be become, and remain in a dangerous, defective, raised, chipped, hazardous, unleveled, irregular, uneven, hazardous, unsafe, broken, cracked, improperly designed, constructed and/or repaired, irregular condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons; the defect consisted of raised pavement on the sidewalk approximately 10 feet long as depicted in the annexed diagram and photographs. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

4.  The items of damage or injuries claimed are:
       Multiple injuries to head, neck, back, hands, shoulders, body, limbs, knees, legs and ankles , including a Left elbow fracture, etc., etc..

       Medical expenses, hospital expenses, physician services, etc.

This said claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE, that by reason of the premises in default of

*The City of New York* to pay to the claimants the sum of an

amount that exceeds the jurisdiction of the lower Court which would otherwise have

jurisdiction within the time limited for compliance with the demand by the said

*City of New York* by the statutes in such cases made and

provided, claimant intends to commence an action against *The City*

*of New York* to recover said sum of an amount which

exceeds the jurisdiction of the lower Court which would otherwise have jurisdiction with

interest and costs.

DATED:   New York, New York
         *December 22, 2006*

                                        Respectfully yours,

                                        X _____ Claimant

*Subin Associates, LLP*
ATTORNEY FOR CLAIMANTS


                    INDIVIDUAL VERIFICATION


STATE OF NEW YORK )
COUNTY OF *New York*     ) ss:

*Esther Ehrenfeld* , being duly sworn, depose and says:

    That *I Am* _____ , the claimant herein; that he/she read the foregoing Notice
of Claim against the *City of New York* and knows the contents
thereof; that the same is true to his/her own knowledge, except as to the matters therein
stated to be alleged on information and belief, and that as to those matters he/she believes
it to be true.

                                        X _____

    Sworn to before me this
*22nd* Day of *December*, 2006

_____

**THERESA CARUSO**
**Notary Public, State of New York**
**No. 01CA6010794**
**Qualified in Richmond County**
**Commission Expires July 27, 2010**

**EXHIBIT B**



2007PI006823
2007-032069

AO 440 Summons in a Civil Action

---

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

## SUMMONS IN A CIVIL CASE

ESTHER EHRENFELD and ASHER EHRENFELD'

Plaintiff (s),

CASE NUMBER:

-against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK

Defendant (s),

--------------------------------------------------------X

TO: (Name and address of defendant)

UNITED STATES OF AMERICA

THE CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NEW YORK  10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**SUBIN ASSOCIATES, LLP**
**291 BROADWAY- 9TH FLOOR**
**NEW YORK, NEW YORK  10007**
**(212) 285-3800**

an answer to the complaint which is herewith served upon you, within days after service of this summons upon you. exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

OCT 0 3 200/

## J. MICHAEL McMAHON

CLERK _____     DATE _____

_____
(BY) DEPUTY CLERK

11/20/06

AO 440 (Rev. 10/93) Summons In a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me¹ | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and  discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

  _____

☐ Returned unexecuted: _____

  _____

  _____

  _____

☐   Other *(specify):* _____

  _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                 *Date*                                    *Signature of Server*


                                              _____
                                                        *Address of Server*

(1)        As to who may serve a summons See Rule 4 of the Federal Rules of Civil I Procedure



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8559**

-----------------------------------------------------------------------X

ESTHER EHRENFELD and ASHER EHRENFELD,

                      Plaintiff (s),

        -against-

THE UNITED STATES OF AMERICA and THE CITY OF
NEW YORK,

                      Defendant (s),

TRIAL BY JURY DEMANDED
VERIFIED COMPLAINT

Index No.:

-----------------------------------------------------------------------X

Plaintiffs, complaining of the defendants, by their attorney, upon information and belief, respectfully allege:

AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF
OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

1.     That at all the times herein mentioned, the plaintiffs ESTHER EHRENFELD and

ASHER EHRENFELD were and still are domiciliaries of the State of New York residing at 1737

54th STREET, Brooklyn, New York. (Kings County).

2.     That the amount in controversy in this action exceeds ONE HUNDRED

THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

3.     That at all the times herein mentioned, the defendant THE CITY OF NEW

YORK, hereinafter referred to as "CITY", was and now is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

4.     That notice of plaintiffs' claim and notice of intention to sue and of the time when

and the place where the injuries alleged herein were incurred and sustained was duly filed by the

plaintiffs with the Corporation Counsel of the defendant CITY and with the Comptroller of the

defendant CITY within 90 days after the cause of action herein accrued.

5.     That pursuant to notice given by the defendant CITY a hearing was waived.

6.     That prior to the commencement of this action all of the requirements and

conditions precedent established in Section 394 (a)-1.0, Volume 2A, Chapter 16 of the

Administration Code of the City of New York have been met or are not required.

7. That more than 15 days prior to the subject accident, defendant CITY received prior written notice of the defective conditions.

8.     That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller of the defendant CITY for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

9.     That at all the times herein mentioned, and more particularly 11/20/2006, First Avenue between East 24th and East 25th Street, New York, NY was and still is a public roadway in the Borough of New York, County of New York, City and State of New York which consisted of a roadway and sidewalks thereat.

10.     That said sidewalks were public thoroughfares along and over which the public at large had a right to walk.

11.     That at all the times herein mentioned, the defendant CITY was the owner of the aforementioned roadway and sidewalks.

12.     That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees operated the aforementioned roadway and sidewalks.

13.     That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks.

14.     That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees managed the aforementioned roadway and sidewalks.

15. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees controlled the aforementioned roadway and sidewalks.

16.     That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said roadway and sidewalks in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

17.     That on or about 11/20/2006, while plaintiff was lawfully walking on the

aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

18.    That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair,  making said sidewalk dangerous and unsuitable for the use by persons.  Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

19    That this action falls within one or more of the exceptions set forth in CPLR 1602.

20    Both actual and constructive notice are claimed.  Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

21.    That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily

believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF
OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT
THE UNITED STATES OF AMERICA

22.     This plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though the same were more wholly and fully set forth at length herein.

23.     Plaintiff ESTHER EHRENFELD was injured in a sidewalk accident on 11/20/2006, as set forth above.

24.     At the time of the accident, the plaintiff ESTHER EHRENFELD was lawfully on the sidewalk which abutted premises owned by the defendant UNITED STATES operated by the Department of Veterans Affairs.

25.     As result of said accident, plaintiff ESTHER EHRENFELD was injured and received medical treatment and incurred medical expenses.

26.     That at all the times herein mentioned, the defendant UNITED STATES was the owner of the aforementioned property abutting the sidewalk where the accident occurred.

27.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees operated the aforementioned property.

28.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks property.

29.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees managed the aforementioned property.

30.     That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees controlled the aforementioned property.

31.     That at all the times herein mentioned, it was the duty of the defendant(s), its

agents, servants and/or employees to keep and maintain said roadway in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

32.     That on or about 11/20/2006, while plaintiff was lawfully walking on the aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

33.     That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE UNITED STATES OF AMERICA, their agents, servants and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

34     That this action falls within one or more of the exceptions set forth in CPLR 1602.

35     Both actual and constructive notice are claimed. Actual notice in that the

defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

36.    That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF<br>OF PLAINTIFF ASHER EHRENFELD

37.    Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

38.    That the plaintiff Esther Ehrenfeld is the wife of this plaintiff, resides with him and to whose services, aid, society, support and consortium he is entitled. As a result of the aforesaid, this plaintiff sustained damages for the loss of services, aid, society, support and consortium of his said wife in all to his damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment against the defendants in the FIRST cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the SECOND cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the THIRD cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of this action.

Yours, etc.

_____

BY: GENE L. CHERTOCK, ESQ. (GLC7053)
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
291 Broadway
New York, New York  10007

STATE OF NEW YORK,
COUNTY OF NEW YORK)

     **ESTHER EHRENFELD** being duly sworn, deposes and says that I am the plaintiff in the within action, that I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to the alleged on information and belief, and that as to those matters, I believe them to be true.

     This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR).


_____
ESTHER EHRENFELD

Sworn to before me this
11 day of  SEPT   , 2007


JOSEPH SCHWARTZ
NOTARY PUBLIC, State of New York
No. 01SC6068450
Qualified in Kings County
Commission Expires Dec. 31, 20__

Index No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

ESTHER EHRENFELD and ASHER EHRENFELD

Plaintiff (s),

-against-

THE UNITED STATE S OF AMERICA and THE CITY OF NEW YORK

Defendant (s),

## SUMMONS AND COMPLAINT

### SUBIN ASSOCIATES, L.L.P.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
291 Broadway, 9th Floor
New York, NY 10007
Telephone (212) 285-3800
Fax 571-0082 **(For Court Use Only)**

## *WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

To:
Attorney(s) for

Service of a copy of the within is hereby admitted
Dated:,

.....................................................
Attorney(s) for

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on                    , 20____.
**ENTRY**

☐    That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within

**SETTLEMENT** named court,
at
on                    , 20____ , at 10:00 a.m.

Dated:

SUBIN ASSOCIATES, L.L.P.
Attorneys for plaintiff(s)
291 Broadway, 9th Floor
New York, NY 10007
(212) 285-3800

Attorney(s) for Defendant(s)

**EXHIBIT C**

Page 1

1

2    UNITED STATES DISTRICT COURT

3    SOUTHERN DISTRICT OF NEW YORK
     - - - - - - - - - - - - - - - - - - - - - - -x
4    ESTHER EHRENFELD and ASHER
     EHRENFELD,
5
                 Plaintiffs,
6

7                -against-
                                        Civil Docket # 07
8    THE UNITED STATES OF AMERICA       Civ 8559
     and THE CITY OF NEW YORK,
9
                 Defendants.
10
     - - - - - - - - - - - - - - - - - - - - - -x
11

12

13

14        DEPOSITION of a Plaintiff, ESTHER EHRENFELD,

15   taken by Defendants at the offices of The United States

16   Attorney, 86 Chambers Street, New York, New York 10007,

17   on Wednesday, April 16, 2008, commencing at 10:44 a.m.,

18   before Elizabeth Santamaria, a Certified Shorthand

19   (Stenotype) Reporter and Notary Public within and for

20   the State of New York.

21

22

23

24

25

Page 2

```
 1

 2    A P P E A R A N C E S:

 3

 4            SUBIN ASSOCIATES, LLP
                    Attorneys for Plaintiffs
                    291 Broadway
 5            New York, New York  10007

 6            BY:  DAVID KLEINMAN, Esq., of Counsel

 7

 8

 9            MICHAEL CARDOZO
                    Attorneys for Defendant
                    City of New York
10            100 Church Street
              New York, New York  10007

11

12            BY:  CRAIG KOSTER, Esq., of Counsel

13

14            UNITED STATES ATTORNEY
                    Attorneys for Defendant
                    The United States of America
15            86 Chambers Street
              New York, New York  10007

16

17            BY:  CAROLINA FORNOS, Esq., of Counsel

18

19

20

21

22

23

24

25
```

Page 3

1

2

3                          --o0o--

4

5          IT IS HEREBY STIPULATED AND AGREED

6     by and between the attorneys for the

7     respective parties herein that filing and

8     sealing be and the same are hereby waived.

9          IT IS FURTHER STIPULATED AND AGREED

10    that all objections, except as to the form

11    of the question, shall be reserved to the

12    time of the trial.

13         IT IS FURTHER STIPULATED AND AGREED

14    that the within deposition may be sworn to

15    and signed before any officer authorized to

16    administer an oath, with the same force and

17    effect as if signed and sworn to before the

18    Court.

19                          --o0o--

20

21

22

23

24

25

Page 4

1

2   E S T H E R      E H R E N F E L D, called as a

3          witness, having duly affirmed before

4          Elizabeth Santamaria, a Notary Public

5          within and for the State of New York, was

6          examined and testified as follows:

7   EXAMINATION

8   BY MS. FORNOS:

9          Q.     Please state your name and address

10  for the record.

11         A.     Esther Ehrenfeld, 1737 54th Street,

12  Brooklyn, New York 11204.

13         Q.     My name is Carolina Fornos.  I am an

14  Assistant U.S. Attorney.  I represent the

15  defendant, the United States of America.  I am

16  going to be asking you some questions today that

17  relate to the case that you have filed.  In

18  addition, Craig Koster, the counsel for the City,

19  may have some questions after I am done.  So let

20  me start with asking you whether you have ever

21  been deposed before.

22         A.     No.

23         Q.     Let me go through some general

24  ground rules.

25                I am going to ask you some questions

1                           E. Ehrenfeld

2          Q.    You got off at 25th Street and you

3    were walking south and at some point you fell; is

4    that correct?

5          A.    Yes.

6          Q.    Can you describe to me how you fell

7    and what happened?

8          A.    I was actually walking with my

9    daughter having a very lively chat, and I tripped

10   on a sidewalk that was uneven and I actually

11   dived, put my hands out in front of me.

12         Q.    Which hand?

13         A.    Both, both.

14               And I hurt my head -- like I sort of

15   really dove, I like took a -- in the air, like

16   from the air down.

17         Q.    When you were walking south down

18   First Avenue, are you clear that you were walking

19   south from First Avenue?

20               MR. KLEINMAN:   She was

21         clear --

22         A.    25th to 24th.

23         Q.    So you definitely got off at

24   25th Street?

25         A.    Right.

Page 138

1

2                    C E R T I F I C A T E

3    STATE OF NEW YORK )
                       ) ss.:
4    COUNTY OF RICHMOND)

5

6            I, ELIZABETH SANTAMARIA, a

7    Registered Professional Reporter and Notary

8    Public of the State of New York, do hereby

9    certify  that the foregoing Deposition is,

10   of the witness, ESTHER EHRENFELD, taken at

11   the time and place aforesaid, is a true and

12   correct transcription of my shorthand

13   notes.

14           I further certify that I am not

15   neither counsel for nor related to any

16   party to said action, nor in any way

17   interested in the result or outcome

18   thereof.

19           IN WITNESS WHEREOF, I have hereunto

20   set my hand this 25th day of April, 2008

21

22                    *Elizabeth SantaMaria*

23                    ELIZABETH SANTAMARIA

24

25

**EXHIBIT D**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2740
Fax No.: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER ENRENFELD and ASHER
EHRENFELD,

          Plaintiff(s),

          v.

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

          Defendant(s).

ECF

No. 07 Civ. 8559 (PKL)

**ANSWER**

       Defendant United States of America ("United States"), by its attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York, answers the Complaint of

Plaintiffs Esther Ehnrenfeld and Asher Enrenfeld ("Plaintiffs"), upon information and belief, as

follows:

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 1 of the Complaint.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of

allegations contained in Paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response in required. If a response is required, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Admits the allegations contained in Paragraph 9 of the Complaint.

10.     Admits the allegations contained in Paragraph 10 of the Complaint.

11.     Admits the allegations contained in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

2

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 16 of the Complaint.

17.    Denies the allegations contained in Paragraph 17 of the Complaint.

18.    Denies the allegations contained in Paragraph 18 of the Complaint.

19.    The allegations contained in Paragraph 19 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 19 of the Complaint.

20.    The allegations contained in Paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations set forth in Paragraph 20 of the Complaint.

21.    Denies the allegations contained in Paragraph 21 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT THE UNITED STATES OF AMERICA**

22.    The United States repeats and realleges its responses to the allegations contained in Paragraphs 1 through 21 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

3

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    Denies the allegations contained at Paragraph 26 of the Complaint, except avers that the United States owns the VA Hospital located at 423 East 23rd Street, New York, New York 10010.

27.    Denies the allegations contained at Paragraph 27 of the Complaint, except avers that the United States owns the VA Hospital located at 423 East 23rd Street, New York, New York 10010.

28.    Denies the allegations contained in Paragraph 28 of the Complaint.

29.    Denies the allegations contained in Paragraph 29 of the Complaint.

30.    Denies the allegations contained in Paragraph 30 of the Complaint.

31.    Denies the allegations contained in Paragraph 31 of the Complaint.

32.    Denies the allegations contained in Paragraph 32 of the Complaint.

33.    Denies the allegations contained in Paragraph 33 of the Complaint.

34.    The allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 34 of the Complaint.

35.    Denies the allegations contained in Paragraph 35 of the Complaint.

36.    Denies the allegations contained in Paragraph 36 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD

37.    The United States repeats and realleges its responses to the allegations contained

4

in Paragraphs 1 through 36 of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

With respect to the WHEREFORE clause asserted in the Complaint, the United States denies that Plaintiff is entitled to any such relief.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff's own negligence was the sole proximate cause of her alleged injuries and damages.

THIRD DEFENSE

The United States acted reasonably and without negligence at all times relevant to the events alleged in the Complaint.

FOURTH DEFENSE

In the event the United States is found to be negligent, which negligence the United States denies, the negligence of plaintiff contributed to plaintiff's injury and any recovery must be proportionately reduced.

FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, as required by law.

SIXTH DEFENSE

Plaintiff's recovery, if any, must reduced pursuant to the collateral source statute, N.Y. Civil Practice law § 4545(c).

5

## SEVENTH DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

## EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs claims.

## NINTH DEFENSE

To the extent Plaintiff was injured, such injury was caused by the City Defendant and not the United States.

WHEREFORE, the United States demands judgment dismissing the Complaint and granting such further relief as this Court deems just and proper, including costs and disbursements.

Dated: New York, New York
      December 17, 2007

               Respectfully submitted,

               MICHAEL J. GARCIA
               United States Attorney
               Southern District of New York
               Attorney for the United States

By:  CAROLINA A. FORNOS
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.: (212) 637-2740
       Fax:  (212) 637-2702

TO:    Gene L. Chertock, Esq.
       SUBIN ASSOCIATES, LLP
       291 Broadway, 9th Floor
       New York, New York, 10007
       Tel.: (212) 285-3800
       *Counsel for Plaintiffs*

Craig Robert Koster, Esq.
NYC Law Department,
Office of Corporation Counsel
100 Church Street
New York, NY  10007
*Counsel for Defendant New York City*