UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| ESTHER EHRENFELD and ASHER EHRENFELD,<br><br>　　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　-against-<br><br>THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK,<br><br>　　　　　　　　　　　　　　　　　Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**<br><br>07 Civ. 8559 (PKL)<br><br>City File #: 2007-032064 |

-----------------------------------------------------------------

　　　　Defendant The City of New York ("City") respectfully submits this Memorandum of Law in support of its motion for summary judgment, pursuant to Rule 56(b), Fed. R. Civ. P.

### PRELIMINARY STATEMENT

　　　　Plaintiff alleges she sustained personal injuries arising from a trip and fall that occurred on January 24, 2006 on a raised and uneven sidewalk located in front of the building located at 26 Federal Plaza, Broadway, New York, New York (See, Complaint ¶7, a copy of which is annexed hereto as Exhibit B to the Declaration of Craig Koster ("Koster Declaration"). Pursuant to 7-210 of the Administrative Code of the City of New York, effective September 14, 2003, liability for injuries arising from a defective sidewalk was shifted from the City to the owner of the real property abutting that defective sidewalk. As such, the City's motion for summary judgment pursuant to Fed. R. Civ. P. 56 must be granted.

## ARGUMENT

I.   **DEFENDANT'S SUMMARY JUDGMENT MOTION SHOULD BE GRANTED.**

   A.   **APPLICABLE LEGAL STANDARD**

"Summary judgment is properly regarded not as a disfavored procedural short cut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action," Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). Motions for summary judgment in federal court are governed by Federal Rule of Civil Procedure 56(c), which states in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2512 (1986). When the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment cannot be defeated by vague assertions of unspecified disputed material facts. Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990). In the instant case, there are no material facts in dispute which warrant a trial of this action, and defendant's motion for summary judgment should be granted.

   B.   **PURSUANT TO §7-210 OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK, THE CITY OF NEW YORK IS NOT LEGALLY RESPONSIBLE FOR THE SIDEWALK IN ISSUE**

Pursuant to §7-210(b) of the Administrative Code of the City of New York, effective September 14, 2003, liability for injuries arising from a defective sidewalk was shifted from the City to the owner of the real property abutting that defective sidewalk. §7-210 provides in pertinent part that:

> Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. This subdivision shall not apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes.

§7-210 (c) further states:

> Notwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes) in a reasonably safe condition. This subdivision shall not be construed to apply to the liability of the city as a property owner pursuant to subdivision b of this section.

It is undisputed that the property in question is owned by the United States of America and does not fall within any of the exemptions set forth in §7-210. It is neither a one-, two-, or three- family residential property, that is in whole or in part owner-occupied and used exclusively for residential purposes, nor is it owned by the City.

Summary judgment is warranted in this matter as there is no issue of material fact concerning the City. The property is neither a one-, two- or three-family residential real property in whole or in part owner-occupied, nor owned by the City. See Arpi v. New York City Transit Authority, 42 A.D.3d 478, 840 N.Y.S.2d 107 (2nd Dept. 2007) (plaintiff tripped and fell on a cracked and uneven sidewalk and the Appellate Division reversed the trial court's denial of the

defendant's motion for summary judgment, holding that the New York City Transit Authority had no duty to exercise reasonable care with respect to the area where the plaintiff fell, pursuant to § 7-210, nor did it create the alleged defect); Aurelien v. City of New York, et al., 839 N.Y.S.2d 431 (Richmond Co. 2007) (summary judgment granted where the City made a prima facie case demonstrating that it did not own the property where plaintiff fell and that the property abutting the sidewalk was not a one-, two- or three-family residential property that was in whole or in part owner-occupied and used exclusively for residential purposes). As such, the City's motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, defendant The City of New York respectfully requests that its Motion for Summary Judgment be granted in its entirety and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
       May 9, 2008

                        Respectfully submitted,

                        MICHAEL A. CARDOZO
                        Corporation Counsel
                        Attorney for Defendant
                        The City of New York
                        100 Church Street
                        New York, New York 10007

                        By: _____
                             Craig Koster (CK-6054)
                             Assistant Corporation Counsel
                             (212) 788-7295