File No. 15797
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD

                          Plaintiffs,

   -against-

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

                         Defendants,
-----------------------------------------------------------------X

**DECLARATION AND AFFIDAVIT IN OPPOSITION TO DEFENDANT CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

07 Civ. 8559 (PKL)

STATE OF NEW YORK  )
COUNTY OF NEW YORK) SS.:

     Gene L. Chertock Esq., being duly sworn, deposes and says, upon information and belief, under the penalty of perjury:

     That I am associated with the attorneys for the plaintiff herein and am familiar with the facts and circumstances herein, except as to those alleged upon information and belief, and as to those I verily believe them to be true.

     That I make this Declaration and Affidavit in Opposition to the Motion submitted by the defendant THE CITY OF NEW YORK seeking summary judgment pursuant to Rule 56 (b) Fed. R. Civ. P.

     A review of the papers and exhibits submitted in support of the City's motion require denial of same, regardless of the sufficiency of the opposition proffered by plaintiffs.

     The City's motion for summary judgment "pursuant to Fed R.. Civ. P. 56" must be denied as the City has failed to meet its burden under subdivision (c) of that Rule. As the City's own motion concedes, as the movant, "it bears the burden of proof" [see p. 2 affirmation in support of city motion; *Celotex Corp. v. Catrett, 477 US 317, 323 (1986)*].

     However, the City has failed to attach the requisite proof, in admissible form, that would

allow this Court to properly grant the relief its motion requests. Rather than probative, documentary evidence, the City's motion relies almost entirely upon the language of the "New Sidewalk Law" and the City attorney's assertion that "it is undisputed that the property in question is owned by the United States of America" apparently relying upon the Answer of co-defendant [attached to City motion at Exhibit "D"].

However, decisional law of this State requires the City's showing to go beyond attaching the pleadings in the action to demonstrate its entitlement to judgment as a matter of law in cases involving §7-210 of the Administrative Code of the City of New York [referred to herein as the "New Sidewalk Law"]. The annexation of the co-defendant's answer admitting ownership cannot suffice to meet the City's burden for dismissal of the complaint against it. Even if the co-defendant's answer disposes of the issue of ownership, the City may still be liable if the City caused or created the defect in question or the defect was created as a result of a 'special use' of the area by the City of New York.

As the Attorney "Declaration" attached to the City's motion concedes, the plaintiff's action for personal injuries arises out of plaintiff's trip and fall "over a defective sidewalk" [see paragraph 4 Koster Declaration]. The City fails to proffer any evidence of the nature of the defect. Absent any evidence on the issue of the nature of the defect, questions of fact are presented as to whether the nature of the defect arises from tree roots, work performed on the sidewalk, a special use of the area, etc. The City's motion is devoid of any photographs of the area in question.

Assuming arguendo, that tree roots caused the subject defect, the City's papers showing lack of ownership and therefore the absence of a duty to maintain the sidewalk under the New Sidewalk law; may prove sufficient for this Court to grant summary judgment.

Where there is sufficient evidence that Plaintiff's fall was caused by a condition that was caused by tree roots, the City's showing that it had no duty to maintain the sidewalk would be sufficient for the City's prima facie showing. Even before the New Sidewalk Law, and where the City continues to have a duty to maintain, the failure to control tree roots or their effects on the

Court finds the absence of an issue of fact as to whether the property is 'exempt' under the Code, the motion must still be denied. Summary judgment in favor of the City would be inappropriate at this time based upon the city's failure to eliminate issues of fact other than City's continuing potential liability for affirmative negligence and special use.

The City's motion attempts to shift responsibility for the subject defect upon co-defendant based solely upon the co-defendant's Answer in which the United State concedes that it "owns the VA Hospital located at 423 East 23rd Street, New York, New York 100010" [see paragraph #26 at Exhibit "D" of City motion]. By this admission, the United States does not expressly admit to its responsibility to maintain and/or repair the sidewalk as the 'abutting landowner'.

The liability of an abutting landowner under the 'New Sidewalk Law' is not absolute or strict; rather, it is limited to "the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags." *See; Administrative Code § 7-210 (b) ; Gangemi v City of New York, 13 Misc 3d 1112, 1130, 827 N.Y.S.2d 498 (Sup Ct, Kings County 2006).* The owner will breach its "duty . . . to maintain [the] sidewalk in a reasonably safe condition" (*see id., § 7-210 (a)*) only where it has actual or constructive notice of a condition on the property that renders it unsafe for a long enough period of time to allow corrective or precautionary action in the exercise of reasonable care. *See New York Pattern Jury Instructions, Civil, PJI 2:225 [2007].*

Plaintiffs note that defendant The United States of America has not been deposed to date but plaintiffs have noticed said defendant for same (see 'Notice of Depositions' attached hereto as Exhibit "B"). Should this Court find that the City's motion meets its prima facie burden in showing the subject property is unaffected by the liability shifting provisions in the code under subsection {c} of §7-210 (see page 3 of City Memorandum of Law in Support of Motion); same should be denied at least after the deposition transcript of co-defendant can be prepared and reviewed and upon said review, it is clear no issues of fact regarding the City's liability exist in this action.

Despite the absence of an express admission by the United States government in its

Answer that it was the entity responsible to maintain and/or repair the sidewalk as the 'abutting landowner', to the extent this Court sees fit to grant the City's motion for summary judgment and overlook the genuine issues of fact discussed above, this Court should simultaneously grant the plaintiff's summary judgment as against the United States Government.

If the City is not responsible to repave, repair, or replace the defective sidewalk under the law, and this Court finds that the City's showing as to ownership of the abutting premises only is sufficient to direct judgment in the City's favor, then the entity responsible to repair said defect must be the United States Government. The fact that the defect existed on the date of the accident and was the cause of plaintiff's fall and injuries she sustained; together with the fact that the United States has not opposed the City's motion to date with any assertion as to lack of notice of the defect, demonstrates that the United States Government was negligent in failing to repair same, resulting in the serious injuries sustained by the plaintiff.

To the extent that the Answer of the United States proves sufficient for the City's entitlement to judgment as a matter of law, said pleading also precludes the United States from claiming exemption under the New Sidewalk Law. As the Answer of the United States concedes it is the owner of the abutting property, the United States thereby at least impliedly acknowledges that it was not exempt from the liability-shifting provisions of the 'New Sidewalk Law'.

The Plaintiffs note that a motion seeking issue determination and an order precluding the United States of America from claiming immunity as a defense in this action under the Tort Claims Act, in relation to that defendant's liability under the Administrative Code; is simultaneously being drafted, prepared, served and filed.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the City's motion be denied with prejudice, or, in the alternative that the City's motion be denied, with leave to renew following completion of discovery, or, in the alternative, to the extent this Court see fit to grant the City summary judgment based upon the co-defendant's concession of ownership of the abutting land,

sidewalk was not considered "affirmative negligence" that would avoid the prior-written-notice law. *See Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 A.D.2d 725, 726, (2nd Dep't. 2003); *Michela v County of Nassau*, 176 A.D.2d 707, 708, (2nd Dep't. 1991; *see also Monteleone v Incorporated Vill. of Floral Park*, 74 NY 917, (1989); *O'Brien v Schenectady*, 26 AD3d 655, 657, 3rd Dep't., 2006; *Goldburt v County of Nassau*, 307 A.D.2d 1019, 1020, (2nd Dep't. 2003.

Where the condition is not caused by tree roots, however, "the City must establish prima facie that it neither caused nor created the condition that caused Plaintiff's fall nor that the condition was a consequence of a special use". *Faulk v. City of New York*, 2007 NY Slip Op 51346U, 5 (N.Y. Sup. Ct. 2007). Attached hereto as **Exhibit "A"** are color copies of photographs depicting the subject defect, which caused plaintiff's injuries. Upon a review of the photographs, it is proper to conclude that tree roots did not create the defect, as no trees are located near the defect.

"[T]he City will make a prima facie showing that it is entitled to judgment as a matter of law under the New Sidewalk Law with evidence in admissible form that" (1) the abutting property is not owner-occupied residential property with three or fewer units, **and** (2) that the alleged damage or injury was not caused by a condition that the City caused or created and (3) was not caused by the City's special use of the sidewalk. *Faulk v. City of New York*, 2007 NY Slip Op 51346U, 5 (N.Y. Sup. Ct. 2007). In the instant matter, even if this Court finds the City met the first prong of this showing, certainly there is no basis to find that the City has made a showing as to (2) or (3) above as the City has failed to address or proffer evidence as to the second or third prong required for the City's entitlement to summary judgment.

Accordingly, a genuine issue of fact exists as to whether the defective condition was caused or created by the City. The City has failed to show that it did not create the defective condition as the instant motion is devoid of evidence that the City did not perform maintenance or repairs at the accident location prior to the accident. *See Gruska v City of New York*, 292 A.D.2d

*498, 499, (2nd Dep't. 2002); see also Elstein v City of New York, 209 A.D.2d 186, 186, (1st Dep't. 1994).* The motion is devoid of evidence in admissible form as to this issue such as an affidavit by a person with personal knowledge averring to a record search showing that no activity, contract work, or reconstruction was performed by any City agency prior to the date of accident.

Similarly, the City's motion fails to eliminate as an issue of fact the question of whether the defect was caused by a special use of the sidewalk by the City and/or for its benefit. A review of the City's motion and the exhibits attached thereto show the City fails to provide any evidence that the City did not make any special use of the sidewalk as there is no mention of special use, nor any indication that a record search was performed or that said search would reveal the existence of a special use near the time of the accident.

The City's proffered evidence is devoid of an affidavit in admissible form by one with personal knowledge regarding the subject sidewalk and the existence of or absence of a special use of same and/or an affidavit showing that a search was performed and the search shows the absence of a special use. Statements as to lack of City activity or special use must be made by a person shown to have sufficient knowledge to render the statements competent as evidence. See; *Faulk v. City of New York, 2007 NY Slip Op 51346U, 5 (N.Y. Sup. Ct. 2007).*

The sole evidence offered by the City regarding the question of whether the City caused or created the defective condition is a citation to paragraph #18 of the City's Answer (see paragraph #4 of City's Local Civil Rule 56.1 Statement of [allegedly] "Uncontested Facts" dated May 9, 2008).

A fact is not 'uncontested' merely because the City pleads same in its Answer. The City's cursory reference to a paragraph from its Answer does not come close to qualifying as a statement by a person with personal knowledge demonstrating a record search regarding this issue was performed and the absence of presence of information demonstrating there is no question of fact as to whether the city caused or created the condition. Moreover, the City's "Civil Rule 56.1 STATEMENT" fails to even mention the issue of special use, and whether the subject sidewalk

was rendered defective as a result of the special use of same on behalf of the City. Where a statement is based upon the absence of a record, the person asserting it must be shown to have sufficient knowledge to say that the fact would have necessarily been reflected in a record of the type searched. *See Hefte v Bellin*, 137 A.D.2d 406, 408, 524 N.Y.S.2d 42 [1st Dept [1988]; *Psychological Practice, P.C. v NY Central Mut. Fire Ins. Co.*, 16 Misc. 3d 129(A), 841 N.Y.S.2d 828, 2007 NY Slip Op 51304 (U), * 1 - * 2 [App Term, 2d Dept];*Faulk v. City of New York*, 2007 NY Slip Op 51346U, 5 (N.Y. Sup. Ct. 2007).

Generally, where the property abutting a sidewalk is used for commercial purposes, as the VA HOSPITAL arguably is, the New Sidewalk Law transfers from the City to the owner of the abutting property liability arising from "the failure . . . to maintain [the] sidewalk," including "the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags" (*see* Administrative Code § 7-210 [b]), while the City remains liable for injury or damage caused by a dangerous condition that the City created through affirmative negligence or its special use of the sidewalk. *See; Stone v. City of New York*, 2007 NY Slip Op 51690U; 16 Misc. 3d 1134A; 847 N.Y.S.2d 905; 2007 N.Y. Misc. LEXIS 6168; 238 N.Y.L.J. 64 (2007).

As the City has failed to proffer any argument and/or any evidence demonstrating that the subject defect was not created through the City's affirmative negligence or its special use of the sidewalk and/or a special use of the sidewalk that inures to the City's benefit, the "New Sidewalk Law" and a copy of the pleadings to this action, in the infancy stages of discovery, cannot suffice as a demonstration that the City is entitled to judgment as a matter of law pursuant to FRCP 56 (c ). At a minimum, the motion should be denied with leave to renew after completion of discovery and/or depositions.

The City mistakenly relies on the case entitled *Aurelien v. City of New York* in support of its claim that summary judgment is appropriate based on the co-defendant's admitted status as abutting landowner. However, that case did not announce a rule of law allowing courts to grant the City summary judgment based solely on the showing that (1) the city did not own the property

where plaintiff fell and (2) 'the property abutting the sidewalk was not a one-, two, or three-family residential property that was in whole or in part owner occupied and used exclusively for residential purposes' on the date of the accident (see page 4 of Memorandum of Law in support of City's Motion). Rather, after the Aurelien court made the threshold determination that property did not fall within the residential exemption under the Code, the Court inquired whether triable issue of fact existed regarding the "usage of the premises". In viewing the *Aurelien* decision's questionable applicability to the instant matter, is at least noteworthy that the same decision upon which the City's motion relies included language stating "[i]n reviewing such a [summary judgment] motion, the court must deny the motion if there is even arguably any doubt as to the existence of a triable issue" *Aurelien v. City of New York, 2007 NY Slip Op 50701U, 2 (N.Y. Sup. Ct. 2007) [internal citations and quotations omitted].*

That case is also distinguishable from the case at bar because in *Aurelien*, the City presented "authenticated Department of Finance records" that classified the property as outside the listed exemptions in the Administrative Code. Here, the City fails to proffer any similar authenticated records from a City Agency or Department in admissible form but relies entirely upon the co-defendant's pleading, which concedes ownership of the VA Hospital but denies its status as abutting landowner and denies responsibility to maintain the subject sidewalk. Therefore, unlike *Aurelian*, here, the City has failed to produce 'sufficient evidence to demonstrate the absence of material issues of fact'.

The City fails to cite any decisional law which absolves the City of all liability for sidewalks based solely on a showing that the property in question does not fall within any of the exemptions regarding real property set forth in §7-210. As the City fails to proffer any authenticated records or documents regarding the status of the real property in this action, and bases its assertions as to the absence of applicable exemptions in this case only on the co-defendant's answer, it is at least arguable that a question of fact as to whether the abutting property is indeed s unaffected by the transfer of liability pursuant to the 'New Sidewalk Law'. Even if this

this Court grant plaintiffs partial summary judgment as against the United States of America finding that the United States, as the owner of the property abutting the defective sidewalk, was responsible to maintain the subject sidewalk as said codefendant has failed to proffer any opposition to the City's instant motion.

WHEREFORE, it is respectfully requested that defendant's [City of New York] motion be in all respects denied and for such other and further relief as to this Honorable Court may seem just and proper.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

BY: Gene L. Chertock, Esq. (7053 GLC)
SUBIN ASSOCIATES, L.L.P.
Attorney for Plaintiff(s)
291 Broadway
New York, N.Y. 10007
(212) 285-3800

Sworn to before me this
Day of June 9, 2008
Notary Public
MARIE DONADIO
Notary Public, State of New York
No.43-4981296
Qualified in Richmond County
Commission Expires May 6, 2011

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS.:

    Sherwin Averilla, being duly sworn, deposes and says:
    Deponent is not a party to the action, is over 18 years of age and resides at 291 Broadway, New York, N.Y. 10007.
    On June 13, 2008, deponent served the within **AFFIDAVIT IN OPPOSITION TO DEFENDANT CITY OF NEW YORK MOTION FOR SUMMARY JUDGMENT** upon:

Craig Kister (CK-6054), Assistant Corporation Counsel
Michael A Cardozo, Esq.
Attorney(s) for Defendant, The City of New York
100 Church Street
New York NY 10007
Phone (212) 788-0628

Carolina A Fornos
Assistant United States Attorneys
U.S. Attorney's Office Southern District of New York
Attorney(s) for Defendant, United States of America
86 Chambers Street, 3rd Floor
New York NY 10007

these being the addresses designated by said parties for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository mailbox maintained at 291 Broadway, New York, N.Y. 10007 under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                          _____
                                                          Sherwin Averilla

Sworn to before me this
13 day of June, 2008

_____
MARIE DONADIO
Notary Public, State of New York
No.43-4981296
Qualified in Richmond County
Commission Expires May 6, 2011

File No. 15797
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER EHRENFELD AND ASHER EHRENFELD

Plaintiff (s),
    -against-

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

Defendant (s),

### AFFIDAVIT IN OPPOSITION TO DEFENDANT CITY OF NEW YORK MOTION FOR SUMMARY JUDGMENT

SUBIN ASSOCIATES, LLP
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
291 Broadway, 9th Floor
NEW YORK, NY 10007
TELEPHONE 285-3800
AREA CODE 212
"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:
*Attorney(s) for*

Service of a copy of the within    is hereby admitted
Dated,

..................................................
*Attorney(s) for*

SUBIN ASSOCIATES LLP
Attorneys for Plaintiff(s)
Office & PO Address & Telephone
291 Broadway, 9th Floor
New York, NY 10007
212 285 3856