File No. 15797
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD

NOTICE OF MOTION

07 Civ. 8559 (PKL)

                              Plaintiffs,

        -against-

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

                              Defendants,
-------------------------------------------------------------X

Oral Argument Requested _____ Not Requested

SIRS:

        PLEASE TAKE NOTICE, that upon the annexed Declaration of Gene L. Chertock, Esq.

dated June 23 , 2008, and the exhibits annexed thereto, and upon the accompanying Memorandum

of Law in Support of the Plaintiffs' Motion  for Issue Determination and Preclusion as against the

Defendant The United States of America Pursuant to the Local Civil Rules, and upon all other

papers and proceedings had herein, the undersigned will move this Court, at the United States

District Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on a

date and time to be determined by the Court, for an Order granting the Plaintiffs' Motion for Issue

Determination and Preclusion, and for such other and further relief as the Court may deem just and

proper.

        That this is an action to recover damages for personal injuries sustained by the plaintiff

ESTHER EHRENFELD and an action to recover for loss of services on behalf of plaintiff ASHER

EHRENFIELD as a result of defendants' negligence.

STATE OF NEW YORK COUNTY OF NEW YORK, SS.:

The undersigned, an attorney admitted to practice in the courts of New York State and the Southern

and Eastern Districts of New York shows: that he is employed in the law office of SUBIN

ASSOCIATES LLP attorneys for the Plaintiffs, and affirms this statement to be true under the

penalties of perjury:

That on June ___23___ , 2008, he served the annexed Motion upon:

Craig Koster (CK-6054), Assistant Corporation Counsel
MICHAEL A. CARDOZO, ESQ.
Attorney(s) for defendant; The City of New York
100 Church Street
New York, New York
  10007
(212) 788-0628
(212) 788-7295

Carolina A. Fornos
Assistant United States Attorneys
U.S. Attorney's Office Southern District of New York
Attorneys for defendant: United States of America
86 Chambers Street, 3rd floor
New York, NY 10007

these being the address designated by said attorneys for that purpose by depositing a true copy of
same enclosed in a post-paid properly addressed wrapper, in an official depository mailbox
maintained at 291 Broadway, New York, N.Y. 10007 under the exclusive care and custody of the
United States Postal Service within the State of New York.

DATED: New York, New York
        June 23, 2008

                                            Yours, etc.,

                                            Gene L. Chertock, Esq. [7053GLC]
                                            SUBIN ASSOCIATES LLP
                                            Attorney for Plaintiff(s)
                                            291 Broadway
                                            New York, N.Y. 10007
                                            (212) 285-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD

                     Plaintiffs,

      -against-

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

                     Defendants,

-----------------------------------------------------------X

MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS'
MOTION

07 Civ. 8559 (PKL)

     Gene L. Chertock, ESQ., being duly sworn, deposes and says, upon information and belief:

     That I am associated with the attorney for the plaintiff herein and am familiar with the facts and circumstances herein, except as to those alleged upon information and belief, and as to those I verily believe them to be true.

     Plaintiffs respectfully submit this Memorandum of Law in support of its motion for issue determination and for an order; precluding defendant United States of America from raising the defense of immunity against the liability shifting provisions of the Administrative Code of the City of New York.

### Summary of Questions Presented and Presentation of Controlling Local and Federal Laws:

     The issue presented herein is arguably, a case of first impression. The question presented by the instant motion is whether the liability of the United States is governed by **§ 7-210** of the Administrative Code of the City of New York[1], where the plaintiff was injured on a sidewalk within the City of New York, but on a portion thereof that the federal government is responsible to maintain as opposed to the City pursuant to the language of the "New Sidewalk Law"?

---

[1] A copy of NYC Administrative Code §7-210 and a copy of NYC Administrative Code §19-152 are attached hereto at **Exhibit "G"**.

Although the issue presented would be arguably easier to address if the plaintiff's injury occurred on (1) federal land within the State of New York and (2) the law applicable to plaintiff's claims was a statute or constitutional provision, or Code of the STATE of New York, the land and law implicated herein makes the discussion of the issue more involved. The issue herein involves injury, which occurred on (1) a sidewalk located within the City of New York abutting property admittedly owned by the United States of America and (2) the applicable law is not a creature of the New York Constitution, State Statute, or state code, but rather, the law implicated in this case is the ***Administrative Code of the City of New York, section 7-210 [b]*** [referred to herein as the "New Sidewalk Law"].

As if the presented issue itself was not enough for this case to be one of first impression, this case involves a law, which is arguably unique for a discussion involving the Federal Tort Claims Act and the USA's liability for a plaintiff's personal injuries. Here, the portion of the City Code implicated was not designed to govern the acts or omissions of parties but rather, exists as a liability -shifting provision transferring from the City of New York to the owner of the property abutting the subject sidewalk liability arising from "the failure . . . to maintain [the] sidewalk," including "the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags". *See **Administrative Code § 7-210 [b]**.*

The Federal Tort Claims Act was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances. ***Richards v. United States, 369 US 1 (1962)***.

Effective September 14, 2003, the Administrative Code of the City of New York, [referred to herein as the 'New Sidewalk Law'] imposes upon the owner of real property abutting any sidewalk "the duty . . . to maintain such sidewalk in a reasonably safe condition," and provides that the owner "shall be liable for any injury to property or personal injury, including death, proximately

caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition." *See § 7-210 (a), (b).*

The provision for owner liability, however, does not apply to "one-, two-, or three-family residential real property that is . . . in whole or in part, owner occupied, and . . . used exclusively for residential purposes." *See § 7-210 (b).* Under the 'New Sidewalk Law', The City, "shall not be liable for any injury to property or personal injury . . . proximately caused by the failure to maintain sidewalks," except for the sidewalks abutting owner-occupied residential properties with three or fewer units, and except where the City itself is the owner of the abutting property. *See § 7-210 (c).*

The central feature of the liability that is transferred to the abutting owner by the New Sidewalk Law is that it is liability arising from "the failure . . . to maintain [the] sidewalk," which "includes, but [is] not limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk." ***Administrative Code § 7-210 (b).*** New York State Courts have noted that "[t]he liability, therefore, is that which might be characterized generally, and perhaps over-simplistically, as arising from negligent omission rather than act" ***Faulk v. City of New York, 2007 NY Slip Op 51346U, 4 (N.Y. Sup. Ct. 2007).***

**28 U.S.C. §2674** and **28 U.S.C.§1346 (b)** provide that the United States should be treated as an individual defendant would be under like circumstances. ***Richards v. United States, 369 US 1 (1962).***

In this case, pursuant to the 'New Sidewalk Law', the United States of America as the abutting landowner "shall be liable" for damage and injury "proximately caused by the failure of [the] owner to maintain [the] sidewalk in a reasonably safe condition," since unlike the City, the abutting landowner's liability under the Code is subject only to the exception for owner-occupied residential property with three or fewer units. *See Administrative Code § 7-210 (b).*

Although generally, in actions under the Federal Tort Claims Act, the liability of the United

States is governed by the law of the state in which the tortious act or omission occurred, whether or not the injury producing event occurred on federal land or not. In this action, the liability of the United States Government, under the Tort Claims Act will be governed by the law of the City in which the plaintiff was injured due to a negligently maintained/repaired, etc. sidewalk abutting a VA hospital, a premises admittedly owned by the United States.

That the federal government is not the 'owner' of the subject sidewalk is clear. However, the first issue for this Court's determination is whether, the proof submitted demonstrates, as a matter of law, that the federal government is the 'owner' of the property abutting the subject sidewalk. Plaintiffs submit that this question should be answered in the affirmative.

The second preliminary issue for determination is whether, the proof submitted demonstrates, as a matter of law that the subject property falls within an exemption under the Administrative Code which would relieve the federal government, as the purported owner of said property of liability for a defective sidewalk abutting its property. Plaintiffs submit that this question should be answered in the negative and this Court should find that the federally owned property itself is subject to the liability shifting provisions of the "New Sidewalk Law", separate and apart from any concerns regarding imposition of liability upon or claimed immunity from same by defendant United States.

Once these preliminary determinations are made, the more significant issue may be determined, whether the Federal Tort Claim Act provides the federal government with any greater protection from liability as would be afforded to an owner of similar, but not federally owned property abutting a defective sidewalk, under the same circumstances pursuant to the New Sidewalk Law? The plaintiffs submit that this Court should determine that issue in favor of imposing liability upon defendant United States as the admitted owner of the VA Hospital, the property abutting the defective sidewalk which caused plaintiff's injuries pursuant to subsection [b] of 7-210 and find no exemptions apply under the New Sidewalk Law or to the waiver of sovereign immunity embodied

in the Federal Tort Claims Act. Based upon the foregoing, defendant The United States of America should be precluded from raising sovereign immunity from tort liability under the circumstances of this case.

## ARGUMENT

### (I)    Issue Determination as to Ownership and Exemption(s) under the New Sidewalk Law is Appropriate and Defendant United States Should Be Precluded From Disputing Same

The first two of the three issues stated above are discussed under the instant heading.

To date, the pleadings, and proof cited above provide the factual predicate for this Court to effectively determine the issues of (1) ownership of the property abutting the defective sidewalk and (2) whether the subject property itself, (separate from the federal government's conceded ownership of same) is unaffected by the liability shifting provisions of the Code based on the only possible exemption under subsection (c). A determination of these matters should result in an order precluding the United States from disputing liability based upon the status of the subject property[2]. The United States should be precluded from disputing that it owned the land abutting the defective sidewalk and precluded from claiming the subject property is unaffected by the transfer of liability under the New Sidewalk Law.

The plaintiff, Esther Ehrnfeld was caused to fall on a defective sidewalk on November 20, 2006 at the location cited roughly as between East 24th and East 25th Street [see plaintiff's Notice of Claim attached hereto as **Exhibit "B"** and plaintiffs' Complaint attached hereto as **Exhibit "C"**]. Specifically, the plaintiff's injuries occurred on the sidewalk located in front of the premises known as the New York Campus of the Dept of Veterans Affairs of New York Harbor Healthcare Systems

---

[2] Whether the United States should be precluded from raising an immunity defense under the FTCA and/or the plaintiffs should be granted declaratory judgment directing that the United States was responsible for maintaining the sidewalk and is not immune from liability in tort regarding the defect in said sidewalk, is separate matter that this Court may properly determine, discussed under a separate point heading of the instant Memorandum.

(VA) [see Notice of Claim attached hereto as **Exhibit "B"**]. Plaintiff's Complaint alleged that defendant United States was the owner of the property abutting the city sidewalk where the accident occurred [see paragraph #26 **Exhibit "C"**]. The City of New York interposed an Answer denying the property is City owned or otherwise subjected the City to liability, a copy of which is attached hereto as **Exhibit "D"**.

The United States admitted ownership of the premises located at 423 East 23rd Street, New York, New York, the VA Hospital [See, United States Answer attached hereto as **Exhibit "E"**]. A review of the Answer of defendant United States shows that said defendant's answer did not assert 'sovereign immunity from private tort actions' as a defense to plaintiff's claims.

Defendant United States cannot raise an issue regarding its status as owner of the land abutting the defective sidewalk since the co-defendant City moved for summary judgment premised upon the United States' status as same and the United States did not oppose that motion on any grounds to date [See; copy of City Summary Judgment motion attached hereto as **Exhibit "F"**]. The plaintiffs filed and served opposition to the motion, a copy of same (absent exhibits) is attached hereto as **Exhibit "G"**.

As the plaintiffs opposition papers demonstrated, the City failed to produce evidence in admissible form such as authenticated documents and records showing that the subject property was in fact subject to the liability shifting provisions under subsection (c) of §7-210 and relied solely, and perhaps inappropriately upon the Answer of the United States conceding ownership of the real property abutting the defective sidewalk. Although the City's motion should have served as a catalyst for the United States to contest its status as the abutting property owner within the meaning of the New Sidewalk Law, to the extent the United States intends to ever contest said status, the United States did not serve or file any papers, and the failure of the USA to contest its status as an abutting landowner with opposition papers should inure to its detriment for the purposes of issue determination in this motion.

Plaintiff testified she was walking toward First Avenue and 24th Street traveling from 25th Street or 26th Street when she was caused to fall on the defective sidewalk [See, complete copy of plaintiff's testimony attached hereto as **Exhibit "H"**].

According to the pleadings, sworn testimony, and the United States' lack of opposition to the City's motion for summary judgment in its favor based primarily upon the status of the real property abutting the sidewalk; this Court may properly determine, as a matter of law that the plaintiff's injury occurred on a sidewalk abutting land owned by the United States of America. Accordingly, plaintiffs request that this Court issue an Order precluding the United States from raising any defense that would necessarily require this Court to find the United States did not 'own' the property abutting the defective sidewalk.

Just as the United States' admitted ownership of the VA Hospital should determine the matter of its ownership of the abutting property within the meaning of §7210, the United States' apparent lack of opposition to the City's summary judgment motion should determine any question as to whether the abutting property is exempt under subsection (c) of §7-210.

The United States failed to offer any evidence and presumably cannot offer same that the subject property falls within the exception for owner-occupied residential property with three or fewer units, which if shown, would relieve the abutting landowner, the VA Hospital from liability for injury occurring on the sidewalk abutting said property.

### (II)    The Issue of the Government's Liability for Injury that Occurred on a City Sidewalk Abutting Federal Property Requires a Determination that The Local Law is Consistent with the Federal Tort Claims Act

The question of whether the applicability of State law might be affected by the fact that the tort occurred on federal property seems never to have been litigated, as there is not even persuasive authority on the issue presented herein.

In actions under the Federal Tort Claims Act, the liability of the United States is governed by the law of the state in which the tortious act or omission occurred, notwithstanding that such act or omission occurred on federal property within the state. Absent decisional law directly dealing with the applicability of state law where a tort occurs on federal property, the discussion herein is aided by considerable authority-by-implication on said applicability.

In *Stewart v United States 186 F2d 627, cert den 341 US 940, 95 L ed 1367, 71 S Ct 1000, (CA7th Ill, 1951 )* it was held that where recovery was sought in an action under the Federal Tort Claims Act for injuries sustained by the explosion of a smoke hand grenade which had been stored within an army fort located in the State of Illinois, the Illinois statute providing in detail the manner and means to be employed in the storage of explosives was applicable.

In *United States v Reichel 220 F2d 869(1955, CA9th Cal),* an action for injuries sustained by plaintiff within the bounds of a naval shipyard in California, in which the court, noting that the Federal Tort Claims Act adopts the law of the state in which the tort sued upon occurs as the law under which the action is to be decided, and noting, further, that California traffic regulations had been adopted as the traffic regulations for the shipyard where the accident occurred, said that California law "controls this case in all aspects."

Since the government's liability for tort is, in actions under the Federal Tort Claims Act, governed by the law of the state in which the tortious act or omission occurred, it follows, and it has been held, that the government's duty of care in various situations giving rise to tort claims is that which is established by state law. For example, the Second Circuit has applied, in action for injuries to person struck by navy ambulance in New York City, a regulation of city police department to impose liability upon the defendant United States of America. *McMullan v United States, 75 F Supp 164 (DC NY, 1947).*

In *McMullan*, the plaintiff was injured as a pedestrian crossing a four-lane roadway when a Navy Ambulance driven by a corpsman struck the pedestrian without warning in the fourth lane of

said road. After the testimony at trial, in determining the issue of the defendant's [USA] negligence,

the Court applied a Regulation of the City of New York, specifically; *New York City, N.Y., Traf.*

*Reg. art. V, § 72(g) & § 80.*

The Court stated;

> "Bearing generally on the question of the driver's negligence, I find, on reading the traffic regulations of the Police Department of the City of New York, that Sec. 80, which relates to the 'duties of drivers on approach of emergency vehicles' contains this provision: 'This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the street. Sec. 72, subdivision (g), of Article 5, governing the right of way, provides that a driver may drive on either side of a one-way street, but shall keep to the right as far as practicable. It will be recalled that Rubly and Stone testified that the ambulance was proceeding along the fourth lane, which would be the farthest to the left" *Id at 166.*

As nothing in the case suggested that the corpsman was operating the ambulance outside the

scope of his federal employment, the Court's decision applying the City Traffic Regulation to the

actions of the federal employee to hold the United States liable, did not conflict with the Federal

Tort Claims Act. [*Compare; United States v Alexander 238 F2d 314, (CA5th Ga, 1956)* in which

the court ruled that where, under a statute applicable in a state in which injury has been suffered as a

consequence of the alleged negligent operation of a federal vehicle, the owner of an automobile is

liable for the negligent operation of the automobile even outside the scope of the owner's business,

such statute, being in conflict with the Federal Tort Claims Act's reference to liability for accident of

an employee "acting within the scope of his office or employment," is inapplicable].

The *McMullan* case proves helpful in discussing the issue presented herein. There, the

plaintiff was injured on a CITY owned street, and not federal land. The plaintiff was injured as a

result of the negligence of an agent of the United States Government [navy ambulance driver]

operating a federally owned vehicle [navy ambulance]. Although the court did not explain why a

section from the STATE Vehicle and Traffic Law did not apply to the facts of the case, the absence

of the explanation is irrelevant for the purposes here. The significant aspect of the McMullan case is

that a REGULATION of the CITY of New York was properly applied to cast liability upon the

FEDERAL GOVERNMENT for injury that occurred on CITY owned property.

Like the situation in ***McMullan***, here, the operative law does not apply to actions or

omissions within the STATE of New York, but rather, shifts liability [to the abutting landowner] for

accidents occurring on sidewalks within the CITY of New York.

This Court should find that nothing in the Federal Tort Claims Act, the 'local law' {City

Code} or the laws of the State of New York prevent imposition of liability in tort against the United

States Government and/or require plaintiff's claims of negligence against said defendant should be

governed by any law other than the relevant provisions of the Administrative Code of the City of

New York.

### (III)    Defendant United States' Liability Under Local New York Law and The Government's Waiver of Sovereign Immunity Under the Circumstances of this Case Pursuant to the Tort Claims Act Is Certain and The United States Should Be Precluded From Claiming Sovereign Immunity under the Circumstances of this Case

This Court should find based upon the proof submitted and the controlling local and federal

laws, that defendant United States is only entitled to the same protection as an abutting landowner

within the meaning of the New Sidewalk Law. Under the New Sidewalk Law, a defendant owning

land abutting a city sidewalk is liable for failing to maintain same where that failure results in

plaintiff's injuries.

The Sidewalk law shifts liability from the owner of the sidewalk, the City, to the abutting

landowner, who is exempt from liability under said law only where the abutting property is a 1, 2, or

3 family house that is . . . in whole or in part, owner occupied, and . . . used exclusively for

residential purposes. In this case, since the VA Hospital does not qualify as such, the liability

exemption found in the New Sidewalk Law may not be afforded to the defendant United States, just

as it would not apply to the owner of such a hospital that is not the VA/USA. See Administrative

Code of City of New York, §7-210 (c).

Similarly, this Court should find that none of the limited exemptions found in the Federal Tort Claims Act apply in this case, and the United States' sovereign immunity from private tort actions is thus waived in this case.

Although defendant United States never raised sovereign immunity in its Answer [see exhibit "E" attached hereto], and plaintiff's are unaware if that defendant's intention, if any is to attempt to raise said defense later in this litigation, the sovereign immunity defense should be deemed waived and the government should be precluded from raising same as a defense in this action as nothing in the relevant laws require a different result. To the extent this Court does not issue an order precluding the United States from raising the defense of sovereign immunity at some indeterminable point in this litigation, and should said defendant raise that defense after this motion is denied and litigation continues requiring time, expense, etc., the plaintiffs will suffer extreme prejudice and be left without a source of recompense.

Application of the internal law, here, the Administrative Code of the City of New York, does not prove inconsistent with the whole law of the State of New York. Further, application of the internal law, §7-210 is not inconsistent with the legislative purpose in enacting the Tort Claims Act. *See; Richards v. United States, supra.* There is no express language or known legislative history that would preclude application of the Administrative Code's liability shifting provision to the defendant United States and there is nothing in said language or history to suggest that application of same would prove inconsistent with the purpose of the Tort Claims Act.

Absent law of the State of New York and/or City of New York conferring statutory immunity to the VA Hospital for the type of tort at issue, the United States may properly be held liable for the plaintiff's injuries and no immunity may be claimed by said defendant under the FTCA either. Contrast; ***Cantrell v. United States, 735 F. Supp. 670, 673-674 (E.D.N.C. 1988),*** where a veteran receiving out-patient treatment from the Veterans Administration shot two people, killing

one and wounding the other. The court held that, under North Carolina law, the VA was statutorily immune from prosecution for its actions in the absence of gross or intentional negligence.

"The authorization, under a Federal Tort Claims Act (FTCA) provision (28 U.S.C.S. § 1346(b)), of private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" waives the United States' sovereign immunity only where local law would make a "private person," not a state or municipal entity, liable in tort, as (1) the words in § 1346(b) are to be interpreted to mean what they say; (2) the United States Supreme Court has consistently adhered to this "private person" standard; and (3) nothing suggesting a waiver of sovereign immunity solely on the basis that a state or municipal entity would have been liable under local tort law is found in (a) the FTCA's context, history, or objectives, or (b) the Supreme Court's opinions". *United States v. Olson, 546 U.S. 43 (U.S. 2005).*

In this case, the operative law, §7-210, renders a private person owning property abutting a defective sidewalk liable in tort where that property owner's failure to maintain the sidewalk causes plaintiff's injuries, thereby placing this liability shifting provision of the Administrative Code directly within the ambit of the authorization conferred by the FTCA for imposition of liability against the federal government.

There is no question that the 'private person' standard is strictly met in this case. As the New Sidewalk Law exists to shift liability from the City, [traditionally liable in such defective sidewalk cases], to the abutting landowner, and the exemption found in subsection [c] of same does not prevent the shifting of said liability to the abutting property in this case, there is absolutely nothing to suggest that New York State, New York City, or any other municipal entity would be liable under this local law.

When a state statute creates a duty or a standard of care that is a substitute for or greater than that imposed by the common law, the United States, like any private person, may be held negligent

and liable if its employees do not conform to the required statutory conduct and the failure to do so is the proximate cause of claimant's injury or damage. This rule has been applied to violations of traffic regulations; *See, e.g.*, **_Muhammad v. United States, 366 F.2d 298 (9th Cir. 1966)_**, [driver of a government bus failed to stop at an intersection before entering a favored highway]; **_Peck v. United States, 195 F.2d 686 (4th Cir. 1952)_** , [involving the failure to yield the right of way to a pedestrian]; **_Desch v. United States, 186 F.2d 623 (7th Cir. 1951)_** [involving an oversize vehicle]; *United States v. Reichel, 220 F.2d 869 (9th Cir. 1955* [involving a government vehicle on the wrong side of the road]; **_Beesley v. United States, 364 F.2d 194 (10th Cir. 1966)_** [government vehicle was found in violation of a "stopping and standing" statute]; **_United States v. Benson, 185 F.2d 995 (D.C. Cir. 1950)_**[ government driver was speeding in a school zone and driving on the wrong side of the road];**_Edwards v. United States, 552 F. Supp. 635 (M.D. Ala. 1982)_** , [involving an Army tractor trailer operated without brake lights];**_Crouse v. United States, 137 F. Supp. 47 (D. Del. 1955)_**[ government vehicle turned left from the wrong lane]; **_Potts v. United States, 78 F. Supp. 833 (W.D. Ky. 1948)_** [Army ambulance ran through a red light]; **_Lyons v. United States, 158 F. Supp. 436 (D. Me. 1958)_** [involving the failure to stay on the right side of the road];**_Parmiter v. United States, 75 F. Supp. 823 (D. Mass. 1948)_** [involving speeding and a failure to stay on the right side];**_Smith v. United States, 334 F. Supp. 185 (D. Minn. 1971)_** [government truck violated a statute prohibiting a sudden stop without signaling unless there is good reason to do so. The truck was also in violation of a statute requiring a mirror giving driver unobstructed view of the rear]; **_Siciliano v. United States, 85 F. Supp. 726 (D.N.J. 1949)_** [involving speeding];**_Knecht v. United States, 144 F. Supp. 786 (E.D. Pa. 1956)_** , *aff'd*, 242 F.2d 929 (3d Cir. 1957) [Government towed a quonset hut without red flares or flags];**_Sascara v. United States, 162 F. Supp. 246 (W.D. Pa. 1958)_** [involving the failure to yield the right of way]; *See also* **_United States v. First Citizens Bank & Trust Co., 208 F.2d 280 (4th Cir. 1953)_** [stalled vehicle was parked without warning lights].

The above rule has also been applied to violations of scaffolding acts [**_Schmid v. United_**

*States, 273 F.2d 172 (7th Cir. 1959),*Government was liable, as the owner of premises, to employee of its contractor who fell from an unsafe scaffold].

Although the New Sidewalk Law does not necessarily impose a 'standard of care' upon private persons and/or the United States as abutting property owners, the Code is applied to hold such owners negligent and liable for their omission in allowing a sidewalk to fall into disrepair and/or negligently maintaining same.

Thus, the liability of a private person under the 'New Sidewalk Law' is premised upon what {has properly or improperly} been characterized as that property owner's 'negligent omission' (see Faulk v. City of New York, supra.), which arguably, could be avoided by non negligent conduct such as installing, constructing, reconstructing, repaving, repairing or replacing defective sidewalk flags. See §7-210 [b]. Just as omissions of these actions causing injuries to persons on the subject sidewalk would render a private person liable under the City law, the United States may be held negligent and liable for failing to perform said actions which proximately caused the plaintiff's injuries.

Further, as shown above, many Federal Court decisions have applied the FTCA's waiver of sovereign immunity in cases against the United States both where liability is premised on a federal actor's/entity's non compliance with local law such as a traffic regulation and where liability is premised almost entirely upon the government's liability as owner of the land where the accident occurred even though no active negligence is alleged.

In the case entitled, *Klein v. District of Columbia, 409 F.2d 164, 168 (D.C. Cir. 1969)* a judgment in favor of the United States was vacated after the Court found a provision of local municipal law was applicable as the appropriate standard of care. There, a pedestrian tripped on the handle of a sidewalk elevator door protruding a fraction of inch above the sidewalk fronting a government-owned building. Although a municipal building code provision requiring vault coverage to be constructed flush with the sidewalk was not enforceable because of its date of

enactment, the court ruled the provision was admissible as evidence of an appropriate standard of

reasonable care in maintaining the sidewalk in a safe condition. The court's ruling in *Klein* is

instructive herein to the effect that the United States may be subjected to liability for failing to

adhere to a standard of care imposed by a local municipal law. Accordingly, there is no real legal

dilemma in subjecting the United States to a liability shifting provision under the local

Administrative Code for failing to properly maintain the sidewalk abutting its property.

   The Tort Claims Act is procedural, not substantive--it represents not the creation of new

causes of action but the Government's acceptance of liability under circumstances that would bring

private liability into existence under state law. Accordingly, the substantive basis for a cause of

action must be found to exist under state law. *2-9 Jayson & Longstreth, Handling Federal Tort*

*Claims § 9.05.*

   Assuming arguendo, the United States proves it is entitled to greater protection under the

FTCA from the liability shifting provision of §7-210, and defends imposition of liability in tort for

its 'omission' as abutting landowner regarding a city owned sidewalk, this does not end the

discussion of said defendant's liability, it only disposes of the issue of federal government liability

for the omission of the VA Hospital. Prior to the New Sidewalk law, the United States, consistent

with the reasoning of the **McMullan** case, would be subject to damages in tort for its active

negligence under provision of § 19-152 of the Administrative Code [see copy of section 19-152

attached hereto at Exhibit "A"].

   Although "liability may be imposed on the abutting landowner where the landowner either

(a) created the defective condition, (b) voluntarily but negligently made repairs, (c) created the

defect through special use, or (d) violated a statute or ordinance which expressly imposes liability

on the abutting landowner for failure to repair" *Flores v Baroudos, 27 AD3d 517, 517, 811*

*N.Y.S.2d 757; see Farmer v City of New York, 25 AD3d 649, 649, 810 N.Y.S.2d 90.*

   As the United States has never attempted to set forth sufficient evidence showing that none

of these bases for the imposition of liability applied to it, there is no reason to find the FTCA affords the United States any protection from liability for its active negligence. *See **Hausser v Giunta, 88 N.Y.2d 449, 669 N.E.2d 470, 646 N.Y.S.2d 490; Cordova v Vinueza, 20 AD3d 445, 798 N.Y.S.2d 519; Yee v Chang Xin Food Mkt., 302 A.D.2d 518, 519, 755 N.Y.S.2d 262.***

Since depositions of defendant United States remain outstanding, the question of whether said defendant committed any of the enumerated acts of active negligence under §19-152 remain unresolved at this time. However, the present question as to said defendant's active negligence should not deter this Court from also finding that defendant United States is precluded from raising a defense of sovereign immunity from potential liability under section §19-152 of the Administrative Code just as this Court should preclude the USA from claiming immunity from liability imposed by section 7-210 of the Code.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion should be granted, the issues should be determined favorably for the plaintiffs and as suggested by the terms of the applicable laws and persuasive federal court decisional law the defendant United States should be precluded from raising sovereign immunity as a defense in this tort action.

WHEREFORE, it is respectfully requested that the plaintiffs' motion be granted in all respects and for such other and further relief as to this Honorable Court may seem just and proper.

Gene L. Chertock, Esq.
SUBIN ASSOCIATES LLP
Attorney for Plaintiff(s)
291 Broadway
New York, N.Y. 10007
(212) 285-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD

                       Plaintiffs,

      -against-

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

                   Defendants,
-----------------------------------------------------------------X

DECLARATION OF GENE L.
CHERTOCK, Esq. in Support
of Plaintiffs Motion

07 Civ. 8559 (PKL)

Gene L. Chertock, ESQ., hereby declares as follows:

That I am an attorney in the law office of SUBIN ASSOCIATES LLP, attorneys for the plaintiffs ESTHER EHRENFIELD AND ASHER EHRENFIELD in the above captioned action.

I have been assigned to this matter since commencement and thus am familiar with the facts and circumstances herein.

I respectfully submit this declaration in support of the plaintiff's motion for issue determination and for an order; precluding defendant United States of America from raising a defense of immunity under the Federal Tort Claims Act.

Plaintiffs commenced this action for personal injuries and loss of services sustained by the Plaintiffs arising out of a trip and fall caused by defendants negligence that occurred on November 20, 2006, on a sidewalk in front of the United States Department of Veterans Affairs, New York Harbor Healthcare Systems VA Medical Center (the "VA Hospital"), located on the east side of 1st Avenue between 24th and 25th Streets.

Plaintiffs filed a Notice of Claim on or about January 25, 2007, a copy of which is annexed hereto as **Exhibit "A"**. The Notice of Claim states that plaintiff ESTHER EHRENFIELD tripped and fell on a defective sidewalk "in front of the premises known as the

New York Campus of the Department of Veterans Affairs of New York Harbor Healthcare

Systems VA Medical Center, located on the east side of First Avenue between East 24th and East

25th Street, New York, NY" on November 20, 2006.

Plaintiffs filed a summons and complaint against the City and the United States of

America on or about October 3, 2007, a copy of which is annexed hereto as **Exhibit "B"**. The

City served its answer on or about November 2, 2007, a copy is annexed hereto as **Exhibit "C"**.

The United States of America served its answer on or about December 17, 2007, a copy

of which is annexed hereto as **Exhibit "D"**. A review of same shows an absence of an articulated

defense premised upon sovereign immunity.

By Notice of Motion dated May 9, 2008 defendant The City of New York moved

pursuant to Local Civil Rule 56.1, for an order granting the City summary judgment '[p]ursuant

to 7-210 of the Administrative Code of the City of New York, shifting liability for injuries

arising from a defective sidewalk from the City to the owner of the real property abutting [the

subject] defective sidewalk' (see Memorandum of Law in Support of Defendant The City of New

York's Motion for Summary judgment included with complete copy of said Motion attached

hereto as **Exhibit "E"**).

Upon information and belief, no papers in support of or in opposition to the City's

Motion were filed by co-defendant The United States of America as of the date your declarant

signed this Declaration.

The Plaintiffs served and filed opposition to the City's Motion on or about June 10, 2008,

a complete copy of same is attached hereto as **Exhibit "F"**.

Plaintiffs respectfully submit this Memorandum of Law in support of its motion for issue

determination and for an order precluding defendant United States of America from raising the

defense of immunity from the liability shifting provisions of the Administrative Code of the City

of New York, which holds the United States liable in tort for its failure to maintain that portion

of the defective city sidewalk which caused plaintiff's injuries based on the United States' admitted status as owner of the land abutting that sidewalk (see Answer of United States attached hereto as **Exhibit "D"**) .

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Gene L. Chertock, Esq. 7053GLC
SUBIN ASSOCIATES LLP
Attorney for Plaintiff(s)
291 Broadway
New York, N.Y. 10007
(212) 285-3800