EXHIBIT A

15797

-----------------------------------x
In the Matter of the Claim of
ESTHER EHRENFELD

        -against-

THE CITY OF NEW YORK
-----------------------------------x

NOTICE OF CLAIM

TO:   CITY OF NEW YORK
      100 CHURCH STREET
      NEW YORK, NEW YORK 10007

SIR(S):

    PLEASE TAKE NOTICE that the claimant herein hereby make(s) claim and demand against the CITY OF NEW YORK as follows:

    1. The name and post-office address of each claimant and his attorney is:

ESTHER EHRENFELD residing at 1737 54TH Street, Brooklyn, NY 11204.

SUBIN ASSOCIATES LLP, Attorneys for Claimant, Address: 291 Broadway, 9TH Floor, New York, NY, 10007

    2. The nature of the claim:
        Action to recover damages for personal injuries, medical expenses, hospital expenses, loss of earnings, etc.

    3. The time, place where and the manner in which the claim arose:
On November 20, 2006 at approximately at 11:10 am on the sidewalk located in front of the premises known as the New York Campus of the Dept of Veterans Affairs of New York Harbor Healthcare Systems (VA), located on the East side of First Avenue between East 24th and East 25th Street, New York, NY. The claimant, ESTHER EHRENFELD was caused to fall and be seriously injured by reason of the negligence and lack of care of THE CITY OF NEW YORK their agents, servants and/or employees suffering, causing and/or permitting and/or allowing portions of said sidewalk at said location to be become, and remain in a dangerous, defective, raised, chipped, hazardous, unleveled, irregular, uneven, hazardous, unsafe, broken, cracked, improperly designed, constructed and/or repaired, irregular condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons; the defect consisted of raised pavement on the sidewalk approximately 10 feet long as depicted in the annexed diagram and photographs. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

    4. The items of damage or injuries claimed are:
        Multiple injuries to head, neck, back, hands, shoulders, body, limbs, knees, legs and ankles, including a Left elbow fracture, etc., etc..

        Medical expenses, hospital expenses, physician services, etc.

This said claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE, that by reason of the premises in default of  The City of New York  to pay to the claimants the sum of an amount that exceeds the jurisdiction of the lower Court which would otherwise have jurisdiction within the time limited for compliance with the demand by the said  City of New York  by the statutes in such cases made and provided, claimant intends to commence an action against  The City of New York  to recover said sum of an amount which exceeds the jurisdiction of the lower Court which would otherwise have jurisdiction with interest and costs.

DATED: New York, New York
December 22, 2006

Respectfully yours,

x _____ Claimant

Subin Associates, LLP
ATTORNEY FOR CLAIMANTS

INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
COUNTY OF New York ) ss:

Esther Ehrenfeld , being duly sworn, depose and says:

That I Am , the claimant herein; that he/she read the foregoing Notice of Claim against the  City of New York  and knows the contents thereof; that the same is true to his/her own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he/she believes it to be true.

x _____

Sworn to before me this
22nd Day of December, 2006

_____
THERESA CARUSO
Notary Public, State of New York
No. 01CA6010794
Qualified in Richmond County
Commission Expires July 27, 2010

EXHIBIT B

**JUDGE LEISURE**

2007PI006823
2007-032064

AO 440 Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

ESTHER EHRENFELD and ASHER EHRENFELD'

Plaintiff (s),

-against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK

Defendant (s),

----------------------------------------------------X

TO: (Name and address of defendant)

UNITED STATES OF AMERICA

THE CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SUBIN ASSOCIATES, LLP
291 BROADWAY- 9TH FLOOR
NEW YORK, NEW YORK 10007
(212) 285-3800

an answer to the complaint which is herewith served upon you, within days after service of this summons upon you. exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

OCT 03 2007

**J. MICHAEL McMAHON**

CLERK                                                DATE

(BY) DEPUTY CLERK

11/20/06                                    'B'

AO 440 (Rev. 10/93) Summons In a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me¹ | DATE |
| NAME OF SERVER *(PRINT)* TITLE | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

_____

☐ Returned unexecuted: _____

_____

_____

☐ Other *(specify):* _____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
            *Date*                                                       *Signature of Server*

                                                       _____
                                                       *Address of Server*

(1)    As to who may serve a summons See Rule 4 of the Federal Rules of Civil I Procedure



FILED 15797

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8559**

--------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD,

                       Plaintiff(s),

TRIAL BY JURY DEMANDED
VERIFIED COMPLAINT

     -against-

Index No.:

THE UNITED STATES OF AMERICA and THE CITY OF
NEW YORK,

                      Defendant(s),
--------------------------------------------------------X

      Plaintiffs, complaining of the defendants, by their attorney, upon information and belief, respectfully allege:

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

     1.     That at all the times herein mentioned, the plaintiffs ESTHER EHRENFELD and ASHER EHRENFELD were and still are domiciliaries of the State of New York residing at 1737 54th STREET, Brooklyn, New York. (Kings County).

     2.     That the amount in controversy in this action exceeds ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

     3.     That at all the times herein mentioned, the defendant THE CITY OF NEW YORK, hereinafter referred to as "CITY", was and now is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

     4.     That notice of plaintiffs' claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiffs with the Corporation Counsel of the defendant CITY and with the Comptroller of the defendant CITY within 90 days after the cause of action herein accrued.

     5.     That pursuant to notice given by the defendant CITY a hearing was waived.

     6.     That prior to the commencement of this action all of the requirements and conditions precedent established in Section 394 (a)-1.0, Volume 2A, Chapter 16 of the

'B'

Administration Code of the City of New York have been met or are not required.

7. That more than 15 days prior to the subject accident, defendant CITY received prior written notice of the defective conditions.

8. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller of the defendant CITY for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

9. That at all the times herein mentioned, and more particularly 11/20/2006 First Avenue between East 24th and East 25th Street, New York, NY was and still is a public roadway in the Borough of New York, County of New York, City and State of New York which consisted of a roadway and sidewalks thereat.

10. That said sidewalks were public thoroughfares along and over which the public at large had a right to walk.

11. That at all the times herein mentioned, the defendant CITY was the owner of the aforementioned roadway and sidewalks.

12. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees operated the aforementioned roadway and sidewalks.

13. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks.

14. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees managed the aforementioned roadway and sidewalks.

15. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees controlled the aforementioned roadway and sidewalks.

16. That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said roadway and sidewalks in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

17. That on or about 11/20/2006, while plaintiff was lawfully walking on the

aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

18. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

19  That this action falls within one or more of the exceptions set forth in CPLR 1602.

20  Both actual and constructive notice are claimed. Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

21. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily

believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT THE UNITED STATES OF AMERICA

22. This plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though the same were more wholly and fully set forth at length herein.

23. Plaintiff ESTHER EHRENFELD was injured in a sidewalk accident on 11/20/2006, as set forth above.

24. At the time of the accident, the plaintiff ESTHER EHRENFELD was lawfully on the sidewalk which abutted premises owned by the defendant UNITED STATES operated by the Department of Veterans Affairs.

25. As result of said accident, plaintiff ESTHER EHRENFELD was injured and received medical treatment and incurred medical expenses.

26. That at all the times herein mentioned, the defendant UNITED STATES was the owner of the aforementioned property abutting the sidewalk where the accident occurred.

27. That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees operated the aforementioned property.

28. That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks property.

29. That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees managed the aforementioned property.

30. That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees controlled the aforementioned property.

31. That at all the times herein mentioned, it was the duty of the defendant(s), its

agents, servants and/or employees to keep and maintain said roadway in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

32. That on or about 11/20/2006, while plaintiff was lawfully walking on the aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

33. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE UNITED STATES OF AMERICA, their agents, servants and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

34 That this action falls within one or more of the exceptions set forth in CPLR 1602.

35 Both actual and constructive notice are claimed. Actual notice in that the

defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

36. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

## AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD

37. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

38. That the plaintiff Esther Ehrenfeld is the wife of this plaintiff, resides with him and to whose services, aid, society, support and consortium he is entitled. As a result of the aforesaid, this plaintiff sustained damages for the loss of services, aid, society, support and consortium of his said wife in all to his damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment against the defendants in the FIRST cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the SECOND cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the THIRD cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of this action.

Yours, etc.

BY: GENE L. CHERTOCK, ESQ. (GLC7053)
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
291 Broadway
New York, New York  10007

STATE OF NEW YORK,
COUNTY OF NEW YORK)

**ESTHER EHRENFELD** being duly sworn, deposes and says that I am the plaintiff in the within action, that I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to the alleged on information and belief, and that as to those matters, I believe them to be true.

This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR).

_____
ESTHER EHRENFELD

Sworn to before me this
11 day of Sept., 2007

JOSEPH SCHWARTZ
NOTARY PUBLIC, State of New York
No. 01SC6068450
Qualified in Kings County
Commission Expires Dec. 31, 2009

Index No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD

                              Plaintiff(s),

    -against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK

                        Defendant(s),

## SUMMONS AND COMPLAINT

**SUBIN ASSOCIATES, L.L.P.**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
291 Broadway, 9th Floor
New York, NY 10007
Telephone (212) 285-3800
Fax 571-0082 **(For Court Use Only)**

*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

To:
Attorney(s) for

Service of a copy of the within is hereby admitted
Dated:,

                    ....................................................
                    Attorney(s) for

PLEASE TAKE NOTICE

☐   That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on _____, 20___.
**ENTRY**

☐   That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon. one of the judges of the within

**SETTLEMENT** named court,
        at
        on _____, 20___, at 10:00 a.m.

Dated:

                                                             SUBIN ASSOCIATES, L.L.P.
                                                                  Attorneys for plaintiff(s)
                                                                  291 Broadway, 9th Floor
    Attorney(s) for Defendant(s)                                            New York, NY 10007
                                                                    (212) 285-3800