**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------x

ESTHER EHRENFELD AND ASHER EHERENFELD,

                             Plaintiff(s),

                -against-

THE CITY OF NEW YORK,

                           Defendant(s).

------------------------------------------------------------------------x

**ANSWER**

Index #: 113024-07

Law Dept. #: 2007-030949

      Defendant THE CITY OF NEW YORK, by MICHAEL A. CARDOZO, Corporation Counsel, answering the complaint, allege upon information and belief:

      1.     Deny each allegation set forth in paragraph(s) 4, 5, 14-19, 21, inclusive.

      2.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph(s) 3, inclusive.

      3.     Deny the allegations set forth in paragraph(s) 2, 6, inclusive, except that a notice of a claim was presented, that more than thirty days have elapsed without adjustment thereof.

      4.     Deny each allegation set forth in paragraph(s) 7-13, inclusive, except that with respect to those portions of the street(s), sidewalks and appurtenances referred to in the complaint which were or may have been owned by the City of New York, defendant(s) had such duties as were imposed by law.

      5.     Deny each allegation set forth in paragraph(s) 20, inclusive, except as otherwise pleaded herein.

### AFFIRMATIVE DEFENSE(S)

6.     Plaintiff(s)' culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

7.     At all times mentioned in the complaint, plaintiff(s) knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged.   Plaintiff(s) voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed.   Plaintiff(s) failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety.   Plaintiff(s)' primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.   Plaintiff(s)' express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.   Plaintiff(s)' implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries.   In any action for injuries arising from the use of a vehicle in, or upon which plaintiff(s) were riding; it will be claimed that the injuries and/or damages sustained were caused by the failure of the plaintiff(s) to use available seat-belts and/or other safety devices.

8.     Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

9.     The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil

Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

WHEREFORE, defendant(s) demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

MICHAEL A. CARDOZO
Corporation Counsel
100 Church Street
New York, New York 10007

Index #: 113024-07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ESDTHER EHRENFELD AND ASHER EHERENFELD,

Plaintiff(s),

- against -

THE CITY OF NEW YORK,

Defendant(s).

**COMBINED DEMAND FOR
BILL OF PARTICULARS & DISCOVERY**

MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007
Telephone Numbers:

> Pleadings Unit (appearances & amendments)
>    (212) 788-0499
> Early Intervention Unit (settlements – all Boroughs)
>    (212) 788-1215
> All Other Matters (by county of venue)
>    (718) 590-3487 (EBT's-3971) (Bronx)
>    (718) 222-2000 (EBT's-2069) (Kings)
>    (212) 788-0646 (EBT's-0628) (New York)
>    (718) 206-4731 (EBT's (718) 206-4703) (Queens)
>    (718) 447-5983 (EBT's-5985) (Richmond)

Please refer to the following Law Dept. #:

2007-030349

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x

ESDTHER EHRENFELD AND ASHER EHERENFELD,

                                  Plaintiff(s),

               -against-

THE CITY OF NEW YORK,

                              Defendant(s).

-----------------------------------------------------------------------x

**COMBINED DEMAND FOR
VERIFIED BILL OF
PARTICULARS & DISCOVERY**

## DEMAND FOR VERIFIED BILL OF PARTICULARS

    **PLEASE TAKE NOTICE** that pursuant to CPLR 3041 you are required within 30 days following service of this demand to serve upon MICHAEL A. CARDOZO, Corporation Counsel, a verified bill of particulars regarding the act or occurrence upon which the claim of the plaintiff(s) is based, and (so far as applicable to your case) setting forth in reasonable detail a statement of the following:

    1.  The exact date and time of the act or occurrence.

    2.  The specific location of the act or occurrence with reference to addresses, landmarks, or other identifying points of reference, including the direction and distance therefrom. If the occurrence took place inside a premise, state specifically the location within the premise and also include the block and lot of the premises.

    3.  State the injuries claimed, if any.

    4.  State those injuries claimed to be permanent.

    5.  If applicable, set forth the length of time it is alleged the plaintiff(s) was confined to:

           (a) Hospital(s);

           (b) Bed;

           (c) House.

    6.  If applicable, set forth the amount claimed as special damages for:

           (a) Physician(s) services;

           (b) Nurses services;

           (c) Hospital expenses;

           (d) Drugs and medical supplies;

           (e) X-rays and diagnostic tests.

    For each of the foregoing elements of damages please state the name and address(es) of the provider(s) and the dates of treatment. If any of the foregoing elements of damages have been repaid to the plaintiff(s) or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff(s).

7. Set forth:

    (a) Occupation of plaintiff(s) at the time of the occurrence;

    (b) Name and address of plaintiff(s) employer, if any;

    (c) Average weekly gross earnings;

    (d) State separately, the length of time totally and/or partially disabled;

    (e) Amount claimed for lost earnings, if any;

    (f) Number of days lost from work;

    (g) Number of days lost from school;

    (h) Name and address of school attended by plaintiff(s) presently and on the date of accident;

8. Plaintiff(s) present residence address and plaintiff(s) residence address at time of the occurrence.

9. List all other names used by plaintiff.

10. Plaintiff(s) date of birth and social security number(s) (social security number optional).

11. If the complaint alleges loss of services, set forth the pecuniary loss, if any, alleged in the complaint. Enumerate the damages for:

    (a) Loss of services;

    (b) Consortium;

    (c) Other expenses.

12. State those injuries arising from the use or operation of a motor vehicle which are claimed to be serious, as defined in Insurance Law § 5102 (d), if any.

13. An itemization of all property damage claimed, if any, including the cost of repair or replacement of each item. Include the date of acquisition and state whether the item was acquired used or new. State purchase price.

14. State the manner in which it is claimed the accident occurred.

15. State separately the acts or omissions constituting the alleged negligence of each of the answering defendant(s), if any.

16. State separately the acts of each of the answering defendant(s) constituting the intentional wrongs claimed, if any.

17. State the names of the employee(s) or agents of the answering defendant(s) who are alleged to have committed the acts set forth in Items 15 and 16 above.

18. Describe any alleged dangerous and defective condition and or the object or instrumentality complained of, as well as the nature of the condition alleged.

19. State whether any repairs were made prior to the happening of the alleged accident.

20. If it is alleged that repairs were made prior to the happening of the accident, state when, where, and by whom, the repairs were made.

21. State whether actual or constructive notice is claimed or whether it is alleged that defendant created the condition complained of.

22. If actual notice is claimed, then set forth the following:

    (a) The names of the employees, agents and/or servants of the defendant(s) to whom it will be alleged said actual notice was given;

    (b) By whom will it be claimed that said actual notice was given on each occasion aforesaid;

    (c) The date or dates of each said notice;

(d) The place said actual notice was given.

23. If constructive notice is claimed, state the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.

24. In any action where plaintiff(s) claim the violation of any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes, ordinances, rules or regulations alleged to have been violated by the answering defendant(s).

25. If applicable, describe in what respects defendant(s) failed to provide plaintiff(s) with a safe place to work.

26. If applicable, state whether plaintiff(s) will allege that this defendant(s) was a party to a contract. If yes;

(a) State the parties to the contract;

(b) State the contract number.

27. If applicable, set forth each and every item of construction, excavation or demolition work which the plaintiff(s) will allege was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate safety; setting forth the manner in which the construction, shoring, equipping, guarding, arranging, operating and/or conducting of the construction, excavating, or demolition work is alleged to have caused the plaintiff(s) alleged injury.

28. If applicable, state whether the plaintiff(s) will allege that this defendant(s) exercised control over the work being performed at the job site. If yes, state the nature and extent of the control allegedly exercised and the exact manner in which said control was exercised.

29. If applicable, state those injuries claimed to be "grave", as defined in the Workers' Compensation Law § 11.

30. **IN ANY ACTION FOR DEFAMATION STATE:**

(a) Whether the alleged defamatory statement was communicated orally or in a writing.

(b) With respect to each of the answering defendant(s), the particular words complained of and allegedly communicated.

(c) The name(s) and address(es) of any person(s) it is alleged heard or received the defamatory statement(s).

(d) If it is alleged that the defamatory statement(s) were communicated in a writing, set forth the date(s), nature, and content of the writing.

(e) If it is alleged that any defamatory statement was published, set forth the date(s), nature and name of the media or publication and each republication of the alleged defamatory statement.

(f) The circumstances, acts, and/or omissions which evince defendant(s) knowledge of the falsity, or reckless disregard of the truth, or malice, with respect to the statement(s) allegedly made.

31. **IN ANY ACTION FOR FALSE ARREST OR MALICIOUS PROSECUTION STATE:**

(a) The specific charge(s), the disposition of each charge and the date of said disposition;

(b) The criminal court file and/or docket number;

(c) The date of incarceration;

(d) The date of release from incarceration;

(e) The name and address of attorney(s) who represented plaintiff(s) in the criminal proceedings;

(f) The amount claimed for legal fees and expenses, if any;

(g) NYSID number;

(h) Date(s) of any criminal proceedings;

(i) Name of reporter who transcribed criminal proceeding(s);

(j) Name of Judge who presided over criminal proceeding(s).

32. **IN ANY ACTION CLAIMING DAMAGES AS A RESULT OF EXPOSURE TO LEAD-BASED PAINT STATE:**

(a) The day, month, and year of initial exposure;

(b) The day, month and year when exposure terminated;

(c) The address(es), including apartment numbers, of every premises where it is alleged that plaintiff(s) were exposed to lead-based paint;

(d) The highest recorded blood lead level for plaintiff(s) and the date of the diagnosis;

(e) The date of the initial diagnosis;

(f) Whether it is claimed that plaintiff(s) sustained any cognitive injuries or learning disabilities as a result of any alleged exposure and if so, state the nature of the disability, when any such disability was diagnosed, the school and current grade level of plaintiff(s) and whether plaintiff(s) have been placed in any special classes.

33. **IN ANY ACTION FOR WRONGFUL DEATH**, the amount claimed as pecuniary loss, including the loss of parental guidance, by each person who was dependant upon the support of the decedent.

34. State the names, addresses, ages, and relationships to the decedent of all persons to whose support it is claimed the decedent contributed.

35. State the nature and purpose of the support contributed as to each person supported, including how and when support was given.

36. State the date, place and cause of death.

37. State the length of time the decedent remained conscious of the injuries sustained.

38. State the total amounts claimed as special damages for:

(a) Funeral and burial expenses;

(b) Administration expenses;

(c) Any other damages claimed.

## DEMAND FOR DISCOVERY & INSPECTION

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand you are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

## GENERAL DEMANDS

1. If the City of New York is a named defendant, please identify the agency(s) involved.

2. Please furnish the name and address of, or a description reasonably sufficient to identify, each person you believe may have been a witness to the occurrence of the injuries (or damages) alleged in the complaint. Please provide the names of all occurrence witness(es) including any employed by, or agents of, the answering defendant(s).

3. Please furnish the name and address of, or a description reasonably sufficient to identify, each person you believe may have been a witness to the physical condition of the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof, including any such witness(es) employed by, or any agent(s) of the answering defendant(s).

4. Please furnish the name, address, qualifications and curriculum vitae, of each expert witness whom you expect to call at trial, stating in reasonable detail the subject matter and substance of the facts and opinions regarding which each expert is expected to testify, and set forth a summary of the grounds for each such opinion.

5. If any sum has been paid or promised to plaintiff(s) by any person claimed to be liable (within the meaning of § 15-108, General Obligations Law) for any of the injuries (or damages) alleged in the complaint, or if any cost, expense, loss of earnings, or other economic loss was, or will be with reasonable certainty replaced or indemnified, in whole or in part, by a collateral source (within the meaning of CPLR § 4545), please set forth the name(s) and address(es) of the person(s), corporation(s), insurance company(s), or other entity(s) making such payment or promise, or providing such collateral source, and state the amount(s) which have been, or will be, with reasonable certainty received by plaintiff(s).

6. Please furnish the name and address of, or a description reasonably sufficient to identify, each defendant (or employee, or former employee of a defendant) you believe may have given an oral or written statement about the occurrence of the injuries (or damages) alleged in the complaint, or any defendant's responsibility therefore.

7. Please furnish a copy of each document you believe may have been prepared by the answering defendant(s) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which you intend to use for any purpose in this litigation, including any statement made by any person identified in response to Item 6 above, and any note, memorandum or recording of any oral statement.

8. Please furnish the sum and substance of any unrecorded oral statement you believe may have been given by each defendant (or employee, or former employee, of a defendant) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which you intend to use for any purpose in this litigation.

9. Please furnish a copy of each claim, or complaint, made by plaintiff(s) for insurance, worker's compensation, pension or automobile no-fault benefits, or for money damages concerning the occurrence of the injuries (or damages) alleged in the complaint, except any claim made herein.

10. Please furnish a copy of any Freedom of Information Law request made to the answering defendant(s) and any response thereto, which you intend to use for any purpose in this litigation.

11. Please furnish copies of any subpoenas served on any party, or any other individual or entity concerning this litigation.

12. Please furnish a copy of any transcript of testimony given by, or on behalf of, your client(s) concerning the occurrence of the injuries (or damages) alleged in the complaint. Additionally, please provide copies of each and every transcript, in you or your client's possession, concerning the occurrence of the injuries, including but not limited to, any transcript of a Department of Motor Vehicle hearing or any Grand Jury testimony.

13. Please provide a signed copy of any hearing held pursuant to General Municipal Law § 50-h.

14. Please furnish a copy of each accident report, if any, made by, or on behalf or your client(s) concerning the occurrence of the injuries (or damages) alleged in the complaint.

15. Please furnish a copy of any written notice, Big Apple Corporation map or other document purportedly furnished to defendant(s) and giving notice of an allegedly defective or dangerous condition at the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof.

16. Please furnish a reasonably clear copy of each photograph and or each video depicting the place where the injuries (or damages) alleged in the complaint occurred.

17. Please furnish a reasonably clear copy for each photograph and or each video of the plaintiff upon which plaintiff will rely in proof of damages at trial.

18. In any action for injuries, including death, allegedly sustained by a spouse, child or other family member of a plaintiff, please furnish a copy of each marriage, birth and death certificate, as applicable.

19. In any representative action, please furnish a copy of the court order appointing the representative.

20. With respect to any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the complaint, please furnish a copy of each state and each federal income tax return including any W-2 statements, together with attachments, filed by, or on behalf of, plaintiff(s) for the year in which the said injuries (or damages) occurred and for each of the two preceding years, and for all years in which continuing losses are claimed.

21. In any action for wrongful death, please furnish a copy of the federal estate tax return filed for decedent's estate, and a copy of each state and each federal income tax return, including W-2 statements, filed by, or on behalf of the decedent for each of the two years before death.

22. Please furnish a copy of each medical provider's report referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **after** the occurrence of the injuries alleged in the complaint, or any treatment reasonably related thereto.

23. Please furnish a copy of each medical provider's report referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **before** the occurrence of the injuries alleged in the complaint and reasonably related thereto.

24. Please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy each record referring to any physical, psychiatric or psychological treatment of plaintiff(s) for the injuries alleged in the complaint, or any treatment reasonably related thereto.

25. In any action by or on behalf of a student, please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the school, attendance and health records of the plaintiff(s) on file at the school(s) attended at the time of the occurrence and thereafter.

26. Please furnish the name and address of the attorney(s) who have appeared in this action.

27. Please furnish the names of the parties, the court, and the index number of each other action, if any, commenced by or on behalf of plaintiff(s) concerning any of the injuries (or damages) alleged in the complaint.

## ALLEGED POLICE MISCONDUCT

**In addition to the foregoing, in any action for false arrest, malicious prosecution, civil rights violation or other alleged police misconduct the following items are additionally demanded:**

28. Please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the records, transcripts and certificates of disposition of any criminal proceedings concerning the occurrence of the injuries (or damages) alleged in the complaint.

29. Please furnish copies of all records, transcripts and certificates of disposition of any criminal proceedings concerning the occurrence of the injuries (or damages) alleged in the complaint, including copies of any photographs of the plaintiff taken by the defendant(s) at the time of the arrest.

30. If entitlement to reimbursement for legal fees is claimed, please provide copies of any bills incurred.

31. Please provide a duly executed authorization permitting the Office of the Corporation Counsel to examine and copy all records, created by, or in the possession of, the New York City Police Department, relating to the claims alleged in the complaint.

## ALLEGED PROPERTY DAMAGE

**In addition to the foregoing, in any action alleging property damage the following items are additionally demanded:**

32. For each item of property damaged:

    (a) Photograph(s) and or videotapes depicting the items alleged to have been damaged, prior to damage;

    (b) Photograph(s) and or videotapes depicting items alleged to have been damaged, subsequent to damage;

    (c) Original purchase receipts, cancelled checks, and/or charge slips for items alleged to have been damaged;

    (d) Appraisals, warranties, etc. pertaining to the items alleged to have been damaged.

33. True and accurate copies of any and all insurance agreements held by plaintiff on day of said incident and pertaining to property damage and/or loss.

34. True and accurate copies of any and all notices of loss or claims made on the above policies pertaining to the damage alleged in the complaint.

## ALLEGED NEGLIGENT SUPERVISION

**In addition to the foregoing, in any action in which it is alleged that defendant(s), its employee(s) or agents, failed to adequately supervise the plaintiff the following items are additionally demanded:**

35. Please furnish the name(s) of every defendant, or employee or agent of any answering defendant, whom you will allege failed to provide adequate supervision.

36. Please furnish the date and time you will allege the person(s) identified above failed to provide adequate supervision.

37. Please identify the name or names of the person(s) it is alleged received inadequate supervision.

38. Please provide the name(s) of any person(s) plaintiff will claim assaulted him/her with reference to the claim being asserted against the answering defendant(s).

39. If the person(s) identified in Item 34 above have not yet appeared in this action, please provide copies of all documents, including but not limited to, affidavits of service and correspondence, which reflect any attempt to obtain jurisdiction over the individual(s).

40. Please provide copies of any documents filed with or against any governmental agency(s) concerning the actions of any person(s) whom plaintiff(s) alleges caused the damages alleged in the complaint, including any criminal complaints filed and the disposition thereof.

41. Please state with specificity the time, place and content of any oral statements it will be alleged defendant(s), its employee(s) or agent(s) made concerning the supervision of the plaintiff or the supervision of any person(s) whose behavior is complained of.

42. Please identify the name(s), or a description reasonably sufficient to identify each person(s) who made the statement(s) as set forth in Item 41 above.

## ALLEGED PREMISES LIABILITY

In addition to the foregoing, in any action in which it is alleged that defendant(s) failed to properly maintain the premises complained of in the complaint, the following items are additionally demanded:

43. If it is alleged that the answering defendant owned the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) ownership of the premises.

44. If it is alleged that the answering defendant(s) leased the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) tenancy.

45. Please provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

46. Please provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## MOTOR VEHICLE ACCIDENTS

In addition to the foregoing, in any action in which it is alleged that defendant(s) actions resulted in, or contributed to, the happening of a motor vehicle accident, the following items are additionally demanded:

47. Please provide a copy of the title for the vehicle being operated by plaintiff.

48. Please provide a copy of plaintiff's drivers license.

49. Please provide a copy of the registration for the vehicle plaintiff was operating.

50. Please provide copies of repair and maintenance records for the vehicle plaintiff was operating for the period of two years prior to the date of accident.

51. Please provide copies of any repair or maintenance logs kept regarding the vehicle plaintiff was operating at the time of the accident.

52. Please provide copies of any recall notices received regarding the vehicle plaintiff was operating at the time of the accident.

53. Please provide copies of any bills for repairs made to the vehicle the plaintiff was operating at the time of the accident for the period of two years prior to the accident.

54. Please provide photographs of the vehicle involved in the accident taken:
    (a) Before the accident;
    (b) After the accident.

55. Please provide any estimates to repair the vehicle involved in this accident.

56. Please provide any records or receipts for towing of the vehicle involved in this accident.

57. Please provide a copy of the MV-104 filed by, or on behalf of, the plaintiff as a result of this accident.

58. Please provide a copy of any accident report provided to any insurance company regarding this accident.

59. Please provide any notes or memorandum describing this accident.

60. Please provide a copy of any transcript of any Department of Motor Vehicle hearing taken with respect to this accident.

61. Please provide the date, location, name of defendant or respondent, and name of Judicial Hearing Officer who presided over, any Department of Motor Vehicle hearing taken with respect to this accident.

62. Please provide a copy of any insurance policy, including any umbrella or excess policies, covering the vehicle plaintiff was operating at the time of this accident.

63. Please provide a complete copy of plaintiff's no-fault file regarding this accident, or a duly executed authorization permitting defendant(s) to obtain same.

### ALLEGED DEFAMATION

**In addition to the foregoing, in any action in which it is alleged that defendant(s) defamed plaintiff(s), the following items are additionally demanded:**

64. Please provide a copy of any writing, publication, republication or broadcast containing the alleged defamatory statement(s).

65. Please provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate the untruthfulness of the alleged defamatory statement(s).

66. Please provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate defendant(s) malice or reckless disregard for the truth.

67. Please provide the name(s) and address(es) of any witness(es) the plaintiff(s) intend to call to demonstrate either the untruthfulness of the alleged defamatory statement(s) or that defendant(s) acted with malice or reckless disregard for the truth.

68. Please provide copies of any documents, bills, invoices or writings which plaintiff(s) intend to use to prove any alleged special damages.

### ALLEGED LEAD-BASED PAINT

**In addition to the foregoing, in any case in which it is alleged that plaintiff(s) sustained injuries as a result of exposure to lead-based paint, the following items are additionally demanded:**

69. Please provide a duly executed authorization enabling defendant(s) to obtain plaintiff(s) birth and prenatal records, the authorization must include the name and address of the hospital or facility where plaintiff(s) was born and the date of plaintiff(s) birth.

70. Please provide a duly executed authorization enabling defendant(s) to obtain the records of any medical provider who provided prenatal care, the authorization must include the name(s), addresses(es) of the medical providers and the dates of treatment.

71. Please provide duly executed authorizations enabling defendant(s) to obtain the records of any and all health providers who have rendered pediatric care, including treatment for any of the injuries currently alleged, to the plaintiff(s) and also including duly executed authorizations enabling defendant(s) to obtain the records of any and all health care providers that screened the blood of the infant plaintiff for lead: The authorizations must contain the name(s) and address(es) of each medical provider as well as the dates of treatment or testing.

72. Please provide duly executed authorizations enabling defendant(s) to obtain the records of any and all schools, and/or day care centers attended by the plaintiff(s) to date; the authorizations must include the name(s) and address(es) of the schools and the dates of attendance.

73. Please provide the name and address of the academic institution most recently attended by the infant plaintiff's natural mother and a duly executed authorization allowing that institution to release its records to the defendant(s). If the infant plaintiff's mother is not the custodial parent, please provide the same information with respect to any adult acting as the infant plaintiff's guardian or caretaker.

74. If the infant plaintiff has any siblings, please provide the following for each such sibling:

     (a) Name, date of birth and current address;

     (b) Names and addresses of any and all schools, pre-schools or day-care centers attended, and duly executed authorizations allowing those institutions to release their records to the defendant(s).

75. For each infant plaintiff, provide the name, date of birth and last known address of the biological father.

76. Please provide copies of any photographs, movies, or videotapes depicting the premises.

77. Please provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

78. Please provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## DEMANDS TO OTHER DEFENDANT(S) AND THIRD-PARTY PLAINTIFF(S)

**PLEASE TAKE NOTICE** that pursuant to Sections 3101 (a), (f), and (g) and 3120 of the Civil Practice Law and Rules, in addition to the foregoing above demands (1-78) co-defendant(s) and third-party plaintiffs are additionally requested to produce and permit discovery and inspection by said defendant(s), the undersigned attorneys, or others acting on its behalf, of the following documents for inspection and/or reproduction at the offices of the undersigned within twenty (20) days of this notice:

## ADDITIONAL GENERAL DEMANDS

79. Please provide copies of complete contents of insurance policies in effect on the date of occurrence, including all endorsements, terms, and conditions, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

80. Please provide copies of all excess and umbrella insurance policies in effect on date of occurrence, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

81. Please provide copies of all certificates of insurance in effect on the date of occurrence, including but not limited to, any which name this defendant, or any of its agencies, as an insured or as an additionally insured.

82. Copies of all contracts, sub-contracts, leases, franchises, and indemnification agreements in effect on date of occurrence.

83. Please provide copies of any documents, records or photographs relating to any repairs made to the location, premises or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

84. Please provide copies of any documents, records or logs relating to any maintenance (including cleaning, altering, and shoveling) performed at, or to, the location, premises, or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

85. Copies of all accident reports kept in the regular course of business regarding the occurrence complained of in plaintiff's complaint.

86. Please provide a copy of plaintiff(s) Bill of Particulars and any discovery items previously exchanged, (including but not limited to; deposition transcripts and reports of physical examinations conducted of the plaintiff), and served upon or by defendant(s) or third-party defendant(s).

## ROADWAY, SIDEWALK AND CONSTRUCTION ACCIDENTS

**In addition to the foregoing, in any action alleging a defective roadway or sidewalk, or an accident occurring due to construction, the following items are additionally demanded:**

87. Please provide copies of all applications for permits, cut forms, opening tickets, work tickets, and paving orders.

88. Please provide copies of all drawings, schematics, blueprints, strip maps, diagrams of underground facilities and of street hardware, including manhole covers, castings, and gratings.

89. Please provide copies of all daily, weekly, and/or monthly progress reports, job progress photographs, and photographs of roadway color coding for entire period of construction.

90. Please provide copies of all maintenance, inspection and repair records for the entire period of construction.

## MOTOR VEHICLE ACCIDENTS

**In addition to the foregoing, in any action alleging injuries due to the happening of a motor vehicle accident, the following items are additionally demanded:**

91. Please provide a copy of the title for the vehicle being operated by defendant or third-party plaintiff.

92. Please provide a copy of defendant or third-party plaintiff's drivers license.

93. Please provide a copy of the registration for the vehicle defendant or third-party plaintiff was operating.

94. Please provide copies of repair and maintenance records for the vehicle defendant or third-party plaintiff was operating for the period of two years prior to the date of accident.

95. Please provide copies of any repair or maintenance logs kept regarding the vehicle defendant or third-party plaintiff was operating at the time of the accident.

96. Please provide copies of any recall notices received regarding the vehicle plaintiff was operating at the time of the accident.

97. Please provide copies of any bills for repairs made to the vehicle the defendant or third-party plaintiff was operating at the time of the accident for the period of two years prior to the accident.

98. Please provide photographs of the vehicle involved in the accident taken:

    (a) before the accident;

    (b) after the accident.

99. Please provide any estimates to repair the vehicle involved in this accident.

100. Please provide any records or receipts for towing of the vehicle involved in this accident.

101. Please provide a copy of the MV-104 filed by or on behalf of the defendant or third-party plaintiff as a result of this accident.

102. Please provide a copy of any accident report provided to any insurance company regarding this accident.

103. Please provide any notes or memorandum describing this accident.

104. Please provide a copy of any transcript of any Department of Motor Vehicle hearing taken with respect to this accident.

105. Please provide a copy of any insurance policy, including any umbrella or excess policies, covering the vehicle defendant or third-party plaintiff was operating at the time of this accident.

**PLEASE TAKE NOTICE** that the foregoing is a continuing demand and that you are required to furnish responses to any of the items demanded herein for which information is obtained after service of your responses hereto, within twenty (20) days of receipt: but, in any event, no later than forty-five (45) days before trial. This defendant reserves the right to seek any and all sanctions for your failure to disclose discovery pursuant to this demand.

Dated:    New York, New York
          November _____, 2007

                                        Yours, etc.
                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        Attorney for Defendant
                                        THE CITY OF NEW YORK,
                                        100 Church Street
                                        New York, New York 10007

TO:


SUBIN ASSOCIATES
the attorney(s) for Plaintiff(s)
291 BROADWAY
NEW YORK, NY 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x

ESDTHER EHRENFELD AND ASHER EHERENFELD,

                             Plaintiff(s),

               -against-

THE CITY OF NEW YORK,

                        Defendant(s).

-----------------------------------------------------------------------x

**NOTICE OF DEPOSITION**

Index #: 113024-07

Law Dept. #: 2007-030349

        **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and

Rules, the undersigned will take by deposition the testimony of all adverse parties at a time and date

to be mutually agreed upon at the pre-calendar conference.

        **PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the

testimony the said adverse parties shall produce all books and papers in their possession relating to

the issues upon which said parties are to be examined and upon your failure to so produce them,

parol and/or secondary evidence thereof and of the contents of the same will be required.

                               Yours, etc.
                               MICHAEL A. CARDOZO
                               Corporation Counsel
                               Attorney for Defendant
                               THE CITY OF NEW YORK,
                               100 Church Street
                               New York, New York 10007

TO:


SUBIN ASSOCIATES
the attorney(s) for Plaintiff(s)
291 BROADWAY
NEW YORK, NY 10007

## VERIFICATION

ABAN COOPER being duly sworn deposes and says that: deponent is an employee of the Office of the Corporation Counsel; that deponent has read the foregoing answer, cross-claim(s) and counterclaim(s), if any, and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters alleged upon information and belief, which deponent believes to be true based upon the files, books and records maintained by The City of New York, New York City Health and Hospitals Corporation or the New York City Board of Education, and the officers or agents thereof; and further swears that on this date he/she caused said answer, cross-claim(s) and counterclaim(s), if any, together with the accompanying combined demands for particulars and discovery, to be served upon:

SUBIN ASSOCIATES
the attorney(s) for Plaintiff(s)
at 291 BROADWAY
NEW YORK, NY 10007

by depositing a copy of the same, into a box situated at 100 Church Street in the Borough of Manhattan, City of New York, for subsequent daily delivery to the United States Post Office.

Dated:      New York, New York
            November 3, 2007
            Decembe

_____
ABAN COOPER

Sworn to before me this
_____ day of November, 2007
            Decembe

_____
NOTARY PUBLIC

AINSLEY HARRIS, JR.
Commissioner of Deeds
City of New York - No. 2-11976
Commission

## STIPULATION/CERTIFICATION

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counter-claims(s), if any, together with the accompanying combined demands for particulars and discovery.

Dated:      New York, New York
            November 30, 2007

By:    _____
       Martha Rix/Gianna M. Famulari
       Assistant Corporation Counsel


_____
Attorney(s) for Plaintiff(s)

Please do not send correspondence to the above named Assistant Corporation Counsel unless otherwise directed. See Answer back for additional contact information.



**MICHAEL A. CARDOZO**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Dear Counsel:

If you would like to have this case considered for possible early settlement by the Early Intervention Unit of the Tort Division, the following items (as applicable) should be forwarded to the attention of Ms. Diane Studdard, New York City Law Department, Tort Division, 100 Church Street, New York, New York 10007:

## IN ALL CASES COPIES OF THE FOLLOWING ITEMS MUST BE PROVIDED:

1. Notice of Claim.
2. 50-h transcript.
3. Verified Complaint and Answer.
4. Aided Card, if prepared.
5. UF18 - City Involved Accident Report, if prepared.
6. All medical and hospital records, including ambulance call report, first treatment, emergency room record, operative and radiology reports, treating physician(s) reports, physical therapy records, etc.
7. Photographs (duplicates, color or laser copies preferred) of the location and of injuries, if scarring is claimed.
8. Proof of any special damages claimed.
9. Any other item(s) that you believe pertinent to an early resolution of your case.

## ALLEGED TRIP AND FALL ON A SIDEWALK OR ROADWAY

1. Most recently dated Big Apple map.
2. Permits, cut forms, contracts, if available.
3. Any other documents that the plaintiff will rely upon to prove prior written notice, if not a Big Apple Map.

### MOTOR VEHICLE ACCIDENT CASES

1. Police Accident Report.
2. MV-104 filed by or on behalf of the plaintiff.
3. Agency incident/accident report, if prepared.
4. DMV hearing transcript, if available.
5. Photographs of the vehicle, before and after the accident.
6. Available insurance coverage for the vehicle involved in the accident.
7. Plaintiff's No-fault records.

8. Repair bills and/or estimates.
9. If the accident involves a traffic light or stop sign, any documentation that the plaintiff will rely upon to prove notice.

### ALLEGED PREMISES LIABILITY

1. Copies of any documents that plaintiff will rely on to establish ownership of the premises.
2. Prior complaints.
3. Accident/incident reports.

### BOARD OF EDUCATION CASES

1. Accident and/or incident report and attachments, if any.
2. Custodian reports.
3. Teacher(s) statements/reports.
4. Witness statements.
5. Copies of any documents filed with or against any governmental agency concerning the incident.

### ALLEGED POLICE MISCONDUCT

1. Any police reports in your possession.
2. Arrest report and photographs.
3. Certified copy of the disposition of any criminal proceedings.
4. Witness statements.
5. Complaint report and any follow-up reports.
6. If entitlement to reimbursement of legal fees is claimed, copies of any bills incurred.

### ALLEGED PROPERTY DAMAGE

1. Photographs (duplicates, color or laser copies preferred) depicting the items alleged to have been damaged, prior and subsequent to the damage.
2. Original purchase receipts, cancelled checks, and/or charge slips for the items alleged to have been damaged.
3. Appraisals, warranties, etc.
4. Copies of any insurance agreements pertaining to property damages and/or loss.

Please be advised that all of the above materials must be sent in order to have your case considered for possible early settlement - incomplete packages cannot be considered. Within two to three months after receipt of the above materials, you will be contacted to discuss the case further. *Counsel appearing at the conference must have settlement authority and be prepared to establish liability and damages.* If you have any questions regarding this procedure, you may contact Ms. Diane Studdard at (212) 788-1696.

Very truly yours,

Diane Studdard