**EXHIBIT D**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2740
Fax No.: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTHER ENRENFELD and ASHER EHRENFELD,

    Plaintiff(s),

v.

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK

    Defendant(s).

ECF

No. 07 Civ. 8559 (PKL)

ANSWER

---

Defendant United States of America ("United States"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint of Plaintiffs Esther Ehnrenfeld and Asher Enrenfeld ("Plaintiffs"), upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of

'D'

allegations contained in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response in required. If a response is required, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Admits the allegations contained in Paragraph 9 of the Complaint.

10. Admits the allegations contained in Paragraph 10 of the Complaint.

11. Admits the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. The allegations contained in Paragraph 19 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations set forth in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT THE UNITED STATES OF AMERICA**

22. The United States repeats and realleges its responses to the allegations contained in Paragraphs 1 through 21 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained at Paragraph 26 of the Complaint, except avers that the United States owns the VA Hospital located at 423 East 23rd Street, New York, New York 10010.

27. Denies the allegations contained at Paragraph 27 of the Complaint, except avers that the United States owns the VA Hospital located at 423 East 23rd Street, New York, New York 10010.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD

37. The United States repeats and realleges its responses to the allegations contained

in Paragraphs 1 through 36 of the Complaint.

38.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

With respect to the WHEREFORE clause asserted in the Complaint, the United States denies that Plaintiff is entitled to any such relief.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's own negligence was the sole proximate cause of her alleged injuries and damages.

### THIRD DEFENSE

The United States acted reasonably and without negligence at all times relevant to the events alleged in the Complaint.

### FOURTH DEFENSE

In the event the United States is found to be negligent, which negligence the United States denies, the negligence of plaintiff contributed to plaintiff's injury and any recovery must be proportionately reduced.

### FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, as required by law.

### SIXTH DEFENSE

Plaintiff's recovery, if any, must reduced pursuant to the collateral source statute, N.Y. Civil Practice law § 4545(c).

SEVENTH DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs claims.

NINTH DEFENSE

To the extent Plaintiff was injured, such injury was caused by the City Defendant and not the United States.

WHEREFORE, the United States demands judgment dismissing the Complaint and granting such further relief as this Court deems just and proper, including costs and disbursements.

Dated: New York, New York
December 17, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States

By: CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2740
Fax: (212) 637-2702

TO: Gene L. Chertock, Esq.
SUBIN ASSOCIATES, LLP
291 Broadway, 9th Floor
New York, New York, 10007
Tel.: (212) 285-3800
*Counsel for Plaintiffs*

Craig Robert Koster, Esq.
NYC Law Department,
Office of Corporation Counsel
100 Church Street
New York, NY 10007
*Counsel for Defendant New York City*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ESTHER EHRENFELD and ASHER EHRENFELD,

                                            Plaintiffs,

           -against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK,

                                            Defendants.

**ANSWER FOR DEFENDANT THE CITY OF NEW YORK**

07 Civ. 8559 (PKL)

City File #: 2007-032064

------------------------------------------------------------------x

      Defendant THE CITY OF NEW YORK ("City"), by Michael A. Cardozo, Corporation Counsel of the City of New York, answers plaintiff's complaint upon information and belief as follows:

      1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 1 of the complaint.

      2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 2 of the complaint.

      3. Admitted.

      4. Denies each and every allegation set forth in the paragraph designated 4 of the complaint, except admits that plaintiff filed a Notice of Claim with the City.

      5. Denies each and every allegation set forth in the paragraph designated 5 of the complaint, except admits that a hearing did not take place.

      6. Denies each and every allegation set forth in the paragraph designated 6 of the complaint.

7. Denies each and every allegation set forth in the paragraph designated 7 of the complaint.

8. Denies each and every allegation set forth in the paragraph designated 8 of the complaint, except admits that City has not made payment on the claim.

9. Denies each and every allegation set forth in the paragraph designated 9 of the complaint, except admits that the First Avenue between East 24th and 25th Street, New York, NY is a public roadway.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 10 of the complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 11 of the complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 12 of the complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 14 of the complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 14 of the complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 15 of the complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 16 of the complaint.

17. Denies each and every allegation set forth in the paragraph designated 17 of the complaint.

18. Denies each and every allegation set forth in the paragraph designated 18 of the complaint.

19. Denies each and every allegation set forth in the paragraph designated 19 of the complaint.

20. Denies each and every allegation set forth in the paragraph designated 20 of the complaint.

21. Denies each and every allegation set forth in the paragraph designated 21 of the complaint.

22. City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

23. Denies each and every allegation set forth in the paragraph designated 23 of the complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 24 of the complaint

25. Denies each and every allegation set forth in the paragraph designated 25 of the complaint.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 26 of the complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 27 of the complaint.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 28 of the complaint.

29. Denies knowledge and information sufficient to form a belief as to the

truth of the allegations contained in the paragraph designated 29 of the complaint

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 30 of the complaint

31. City denies each and every allegation set forth in the paragraph designated 31 of the complaint. As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 31 of the complaint.

32. City denies each and every allegation set forth in the paragraph designated 32 of the complaint. As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 32 of the complaint.

33. City denies each and every allegation set forth in the paragraph designated 33 of the complaint. As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 33 of the complaint.

34. City denies each and every allegation set forth in the paragraph designated 34 of the complaint.

35. City denies each and every allegation set forth in the paragraph designated 35 of the complaint. As to the defendant United States, City denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 35 of the complaint.

36. City denies each and every allegation set forth in the paragraph designated 36 of the complaint.

37. City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

38. City denies each and every allegation set forth in the paragraph designated 38 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's negligence caused or contributed to the injuries she allegedly sustained.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The amounts recoverable by plaintiffs are subject to limitation by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, and shall reduce any judgment rendered in favor of plaintiffs as against the City to the extent of the amount of the related tortfeasor(s)'s equitable share(s) of the damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. The plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. This Court does not have personal jurisdiction over the City because service of process upon the City was defective and insufficient as a matter of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. Any costs or expenses from any collateral source shall reduce any judgment rendered in favor of plaintiff against this defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. If it is determined that the City is liable for any of the injuries allegedly sustained by the plaintiff, then the equitable share of the liability of the defendant is fifty percent or less of the total liability assigned to all persons who are liable.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

45. Any and all risks, hazards, defects and dangers alleged are of an open, obvious, apparent nature, inherent and known or should have been known to plaintiff.

**WHEREFORE**, the City demands judgment dismissing the complaint or, in the event that judgment is obtained against the City, said judgment is to be determined on the basis of apportionment of responsibility, or in such amounts as a jury or a court may direct, with costs.

Dated: New York, New York
November 2, 2007

Yours, etc.,

MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
THE CITY OF NEW YORK ("City")
100 Church Street
New York, New York 10007

By: _____
CRAIG R. KOSTER (CK6054)
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788-7295

TO:   GENE L. CHERTOCK, ESQ. (GLC7053)
      SUBIN ASSOCIATES, LLP
      Attorneys for Plaintiffs
      291 Broadway
      New York, NY 10007

7

## AFFIRMATION OF SERVICE

STATE OF NEW YORK  COUNTY OF NEW YORK, SS.:

The undersigned, an attorney admitted to practice in the courts of New York State and the Southern District of New York, shows: that she is employed in the office of the Corporation Counsel of the City of New York, and affirms this statement to be true under the penalties of perjury:

That on November 2, 2007, he served the annexed ANSWER upon:

>   GENE L. CHERTOCK, ESQ.
>   SUBIN ASSOCIATES, LLP
>   Attorneys for Plaintiffs
>   291 Broadway
>   New York, NY 10007

being the address within the State theretofore designated by them for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated:      New York, New York
            November 2, 2007

                                                    CRAIG R. KOSTER (CK6054)

8

07 Civ. 8559 (PKL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER EHRENFELD and ASHER EHRENFELD,

                                            Plaintiffs,

-against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK,

                                            Defendants.

**ANSWER OF DEFENDANT THE CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y. 10007

*By: Craig R. Koster*
*Tel: (212) 788-7295*
*NYCLIS No. 2007-032064*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................, 2006...*

*............................................................... Esq.*

*Attorney for ............................................................*

9