**EXHIBIT E**

MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
The City of New York
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ESTHER EHRENFELD and ASHER EHRENFELD,

                                                    Plaintiffs,

                                                                    **NOTICE OF MOTION**

                        -against-
                                                                    07 Civ. 8559 (PKL)

THE UNITED STATES OF AMERICA and THE CITY
OF NEW YORK,                                                        City File #: 2007-032064

                                                    Defendants.

-------------------------------------------------------------------------x

        PLEASE TAKE NOTICE that, upon the accompanying Declaration of Craig

Koster, dated May 9, 2008, and the exhibits annexed thereto, and upon the accompanying

Memorandum of Law in Support of Defendant The City of New York's Motion for Summary

Judgment, and upon the accompanying Statement Pursuant to Local Civil Rule 56.1, and upon

all other papers and proceedings had herein, the undersigned will move this Court, at the United

States District Courthouse, Southern District of New York, 500 Pearl Street, New York, New

York, on a date and time to be determined by the court, for an Order granting Defendant's

Motion for Summary Judgment, and for such other and further relief as the Court may deem just

and proper.

Dated: New York, New York
      May 9, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        Attorney for Defendant
                                        The City of New York
                                        100 Church Street
                                        New York, New York 10007

                              By: _____
                                        Craig Koster (CK-6054)
                                        Assistant Corporation Counsel
                                        (212) 788-7295


To:

Gene L. Chertock, Esq.
Subin Associates, LLP
291 Broadway
New York, New York 10007

Carolina A. Fornos
Assistant United States Attorney
U.S. Attorney's Office Southern District of New York
86 Chambers Street
New York, NY 10007

STATE OF NEW YORK  COUNTY OF NEW YORK, SS.:

The undersigned, an attorney admitted to practice in the courts of New York State and the Southern and Eastern Districts of New York, shows: that he is employed in the office of the Corporation Counsel of the City of New York, and affirms this statement to be true under the penalties of perjury:

That on May 9, 2008, he served the annexed Motion for Summary Judgment upon:

> Gene L. Chertock, Esq.
> Subin Associates, L.L.P.
> 291 Broadway – 9th Floor
> New York, New York 10007

> Carolina A. Fornos
> United States Attorney's Office
> Southern District of New York
> 86 Chambers Street, 3rd Floor
> New York, New York 10007

being the address within the State theretofore designated by them for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated:      New York, New York
            May 9, 2008

                                    CRAIG KOSTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

ESTHER EHRENFELD and ASHER EHRENFELD,

Plaintiffs,

-against-

THE UNITED STATES OF AMERICA and THE CITY
OF NEW YORK,

Defendants.

------------------------------------------------------------------

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT
THE CITY OF NEW YORK'S
MOTION FOR SUMMARY
JUDGMENT**

07 Civ. 8559 (PKL)

City File #: 2007-032064

Defendant The City of New York ("City") respectfully submits this Memorandum of

Law in support of its motion for summary judgment, pursuant to Rule 56(b), Fed. R. Civ. P.

## PRELIMINARY STATEMENT

Plaintiff alleges she sustained personal injuries arising from a trip and fall that occurred

on January 24, 2006 on a raised and uneven sidewalk located in front of the building located at

26 Federal Plaza, Broadway, New York, New York (See, Complaint ¶7, a copy of which is

annexed hereto as Exhibit B to the Declaration of Craig Koster ("Koster Declaration"). Pursuant

to 7-210 of the Administrative Code of the City of New York, effective September 14, 2003,

liability for injuries arising from a defective sidewalk was shifted from the City to the owner of

the real property abutting that defective sidewalk. As such, the City's motion for summary

judgment pursuant to Fed. R. Civ. P. 56 must be granted.

## ARGUMENT

**I.    DEFENDANT'S SUMMARY JUDGMENT MOTION SHOULD BE GRANTED.**

### A.    APPLICABLE LEGAL STANDARD

"Summary judgment is properly regarded not as a disfavored procedural short cut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action," Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). Motions for summary judgment in federal court are governed by Federal Rule of Civil Procedure 56(c), which states in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2512 (1986). When the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment cannot be defeated by vague assertions of unspecified disputed material facts. Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990). In the instant case, there are no material facts in dispute which warrant a trial of this action, and defendant's motion for summary judgment should be granted.

### B.    PURSUANT TO §7-210 OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK, THE CITY OF NEW YORK IS NOT LEGALLY RESPONSIBLE FOR THE SIDEWALK IN ISSUE

Pursuant to §7-210(b) of the Administrative Code of the City of New York, effective September 14, 2003, liability for injuries arising from a defective sidewalk was shifted from the City to the owner of the real property abutting that defective sidewalk. §7-210 provides in pertinent part that:

> Notwithstanding any other provision of law, the owner
> of real property abutting any sidewalk, including, but
> not limited to, the intersection quadrant for corner property,
> shall be liable for any injury to property or personal
> injury, including death, proximately caused by the failure
> of such owner to maintain such sidewalk in a
> reasonably safe condition. Failure to maintain such
> sidewalk in a reasonably safe condition shall include,
> but not be limited to, the negligent failure to install,
> construct, reconstruct, repave, repair or replace defective
> sidewalk flags and the negligent failure to remove snow,
> ice, dirt or other material from the sidewalk. This subdivision
> shall not apply to one-, two- or three-family residential real
> property that is (i) in whole or in part, owner occupied, and
> (ii) used exclusively for residential purposes.

§7-210 (c) further states:

> Notwithstanding any other provision of law, the city
> shall not be liable for any injury to property or personal
> injury, including death, proximately caused by the failure to
> maintain sidewalks (other than sidewalks abutting one-,
> two- or three-family residential real property that is (i) in
> whole or in part, owner occupied, and (ii) used exclusively
> for residential purposes) in a reasonably safe condition.
> This subdivision shall not be construed to apply to the
> liability of the city as a property owner pursuant to
> subdivision b of this section.

It is undisputed that the property in question is owned by the United States of America

and does not fall within any of the exemptions set forth in §7-210. It is neither a one-, two-, or

three- family residential property, that is in whole or in part owner-occupied and used

exclusively for residential purposes, nor is it owned by the City.

Summary judgment is warranted in this matter as there is no issue of material fact

concerning the City. The property is neither a one-, two- or three-family residential real property

in whole or in part owner-occupied, nor owned by the City. See Arpi v. New York City Transit

Authority, 42 A.D.3d 478, 840 N.Y.S.2d 107 (2nd Dept. 2007) (plaintiff tripped and fell on a

cracked and uneven sidewalk and the Appellate Division reversed the trial court's denial of the

defendant's motion for summary judgment, holding that the New York City Transit Authority had no duty to exercise reasonable care with respect to the area where the plaintiff fell, pursuant to § 7-210, nor did it create the alleged defect); Aurelien v. City of New York, et al., 839 N.Y.S.2d 431 (Richmond Co. 2007) (summary judgment granted where the City made a prima facie case demonstrating that it did not own the property where plaintiff fell and that the property abutting the sidewalk was not a one-, two- or three-family residential property that was in whole or in part owner-occupied and used exclusively for residential purposes). As such, the City's motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, defendant The City of New York respectfully requests that its Motion for Summary Judgment be granted in its entirety and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
        May 9, 2008

                                        Respectfully submitted,

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        Attorney for Defendant
                                        The City of New York
                                        100 Church Street
                                        New York, New York 10007

                                        By:

                                        Craig Koster (CK-6054)
                                        Assistant Corporation Counsel
                                        (212) 788-7295

- 4 -

MICHAEL A. CARDOZO
Corporation Counsel
Attorneys for Defendant
The City of New York
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ESTHER EHRENFELD and ASHER EHRENFELD,

                                              Plaintiffs,

                   -against-

THE UNITED STATES OF AMERICA and THE CITY
OF NEW YORK,

                                    Defendants.

------------------------------------------------------------------------x

**DECLARATION OF CRAIG
KOSTER**

07 Civ. 8559 (PKL)

City File #: 2007-032064

I, Craig Koster, hereby declare as follows:

1.     I am an Assistant Corporation Counsel in the office of Michael A.

Cardozo, Corporation Counsel of the City of New York, attorney for the defendant The

City of New York (the "City").

2.     I have been assigned to this matter since its inception and, thus, am

familiar with its facts and circumstances.

3.      I respectfully submit this declaration in support of the City's motion for summary judgment. I make this declaration on personal knowledge except as otherwise set forth herein.

3.      This is an action for personal injuries arising out of an alleged trip and fall that allegedly occurred on November 20, 2006, on a sidewalk in front of the United States Department of Veterans Affairs, New York Harbor Healthcare Systems VA Medical Center (the "VA Hospital"), located on the east side of 1st Avenue between 24th and 25th Streets.

4.      Plaintiff filed a Notice of Claim on January 25, 2007, a copy of which is annexed hereto as Exhibit A. The Notice of Claim states that plaintiff tripped and fell over a defective sidewalk "in front of the premises known as the New York Campus of the Department of Veterans Affairs of New York Harbor Healthcare Systems 9VA), located on the East side of First Avenue between East 24th and East 25th Street, New York, NY" on November 20, 2006.

6.      Plaintiff filed a summons and complaint against the City and the United States of America on or about October 3, 2007. The City served its answer on November 2, 2007, and the United States of America served its answer on December 17, 2007. Copies of plaintiff's complaint and defendants' answers are annexed hereto as Exhibits B and C, respectively.

7.      The building in question, the VA Hospital, is owned by the United States of America. Annexed hereto as Exhibit C is the Answer filed on behalf of defendant The United States of America, ¶ 26, which reflects their ownership of the building.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2008
New York, New York

Craig Koster

**EXHIBIT A**

15797

--------------------------------x

In the Matter of the Claim of
ESTHER EHRENFELD

-against-

THE CITY OF NEW YORK

--------------------------------x

TO:   CITY OF NEW YORK
      100 CHURCH STREET
      NEW YORK, NEW YORK 10007

SIR(S):

**NOTICE OF CLAIM**

PLEASE TAKE NOTICE that the claimant herein hereby make(s) claim and demand against
the CITY OF NEW YORK as follows:

1.   The name and post-office address of each claimant and his attorney is:

ESTHER EHRENFELD residing at 1737 54TH Street, Brooklyn, NY 11204.

SUBIN ASSOCIATES LLP, Attorneys for Claimant, Address: 291 Broadway, 9TH Floor,
New York, NY, 10007

2.   The nature of the claim:
        Action to recover damages for personal injuries, medical expenses, hospital expenses,
loss of earnings, etc.

3.   The time, place where and the manner in which the claim arose:
On November 20, 2006 at approximately at 11:10 am on the sidewalk located in front of the
premises known as the New York Campus of the Dept of Veterans Affairs of New York Harbor
Healthcare Systems (VA), located on the East side of First Avenue between East 24th and East 25th
Street, New York, NY. The claimant, ESTHER EHRENFELD was caused to fall and be seriously
injured by reason of the negligence and lack of care of THE CITY OF NEW YORK their agents,
servants and/or employees suffering, causing and/or permitting and/or allowing portions of said
sidewalk at said location to be become, and remain in a dangerous, defective, raised, chipped,
hazardous, unleveled, irregular, uneven, hazardous, unsafe, broken, cracked, improperly designed,
constructed and/or repaired, irregular condition and in a state of disrepair, making said sidewalk
dangerous and unsuitable for the use by persons; the defect consisted of raised pavement on the
sidewalk approximately 10 feet long as depicted in the annexed diagram and photographs.
Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a
trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective
condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW
YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the
persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs,
barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as
to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance
and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances
made and provided therefore.

4.   The items of damage or injuries claimed are:
     Multiple injuries to head, neck, back, hands, shoulders, body, limbs, knees, legs and
     ankles , including a Left elbow fracture,  etc., etc..

     Medical expenses, hospital expenses, physician services, etc.

This said claim and demands hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE, that by reason of the premises in default of *The City of New York* to pay to the claimants the sum of an amount that exceeds the jurisdiction of the lower Court which would otherwise have jurisdiction within the time limited for compliance with the demand by the said *City of New York* by the statutes in such cases made and provided, claimant intends to commence an action against *The City of New York* to recover said sum of an amount which exceeds the jurisdiction of the lower Court which would otherwise have jurisdiction with interest and costs.

DATED:   New York, New York
*December 22*, 2006

Respectfully yours,

X _____ Claimant

*Subin Associates, LLP*
ATTORNEY FOR CLAIMANTS

INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
COUNTY OF *New York* ) ss:

*Esther Ehrenfeld* , being duly sworn, depose and says:

That *I Am* the claimant herein; that he/she read the foregoing Notice of Claim against the *City of New York* and knows the contents thereof; that the same is true to his/her own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he/she believes it to be true.

X _____

Sworn to before me this
*22nd* Day of *December*, 2006

_____

THERESA CARUSO
Notary Public, State of New York
No. 01CA6010794
Qualified in Richmond County
Commission Expires July 27, 2010

**EXHIBIT B**



2007PI 006823
2007 032069

AO 440 Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

## SUMMONS IN A CIVIL CASE

ESTHER EHRENFELD and ASHER EHRENFELD'

CASE NUMBER:

Plaintiff (s),

    -against-

THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK

Defendant (s),

-------------------------------------------------------------X

TO: (Name and address of defendant)

UNITED STATES OF AMERICA

THE CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

       **SUBIN ASSOCIATES, LLP**
       **291 BROADWAY- 9TH FLOOR**
       **NEW YORK, NEW YORK 10007**
       **(212) 285-3800**

an answer to the complaint which is herewith served upon you, within days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

_____
CLERK

_____
(BY) DEPUTY CLERK

_____
DATE

AO 440 (Rev. 10/93) Summons In a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

  _____

☐ Returned unexecuted: _____

  _____

  _____

☐ Other *(specify):* _____

  _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

  Executed on _____     _____
  　　　　　　　　*Date*　　　　　　　　　　　　*Signature of Server*


  　　　　　　　　　　　　　　　　　　　　　　_____
  　　　　　　　　　　　　　　　　　　　　　　*Address of Server*

(1)    As to who may serve a summons See Rule 4 of the Federal Rules of Civil I Procedure



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8559**

--------------------------------------------------------------------X

ESTHER EHRENFELD and ASHER EHRENFELD,

                     Plaintiff (s),

      -against-

THE UNITED STATES OF AMERICA and THE CITY OF
NEW YORK,

                     Defendant (s),

--------------------------------------------------------------------X

TRIAL BY JURY DEMANDED
VERIFIED COMPLAINT

Index No.:

Plaintiffs, complaining of the defendants, by their attorney, upon information and belief,
respectfully allege:

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF
### OF PLAINTIFF ESTHER EHRENFELD AGAINST THE CITY OF NEW YORK

1.     That at all the times herein mentioned, the plaintiffs ESTHER EHRENFELD and

ASHER EHRENFELD were and still are domiciliaries of the State of New York residing at 1737

54th STREET, Brooklyn, New York. (Kings County).

2.     That the amount in controversy in this action exceeds ONE HUNDRED

THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

3.     That at all the times herein mentioned, the defendant THE CITY OF NEW

YORK, hereinafter referred to as "CITY", was and now is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

4.     That notice of plaintiffs' claim and notice of intention to sue and of the time when

and the place where the injuries alleged herein were incurred and sustained was duly filed by the

plaintiffs with the Corporation Counsel of the defendant CITY and with the Comptroller of the

defendant CITY within 90 days after the cause of action herein accrued.

5.     That pursuant to notice given by the defendant CITY a hearing was waived.

6.     That prior to the commencement of this action all of the requirements and

conditions precedent established in Section 394 (a)-1.0, Volume 2A, Chapter 16 of the

Administration Code of the City of New York have been met or are not required.

7. That more than 15 days prior to the subject accident, defendant CITY received prior written notice of the defective conditions.

8. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller of the defendant CITY for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

9. That at all the times herein mentioned, and more particularly 11/20/2006 First Avenue between East 24th and East 25th Street, New York, NY was and still is a public roadway in the Borough of New York, County of New York, City and State of New York which consisted of a roadway and sidewalks thereat.

10. That said sidewalks were public thoroughfares along and over which the public at large had a right to walk.

11. That at all the times herein mentioned, the defendant CITY was the owner of the aforementioned roadway and sidewalks.

12. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees operated the aforementioned roadway and sidewalks.

13. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks.

14. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees managed the aforementioned roadway and sidewalks.

15. That at all the times herein mentioned, the defendant CITY, its agents, servants and/or employees controlled the aforementioned roadway and sidewalks.

16. That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said roadway and sidewalks in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

17. That on or about 11/20/2006, while plaintiff was lawfully walking on the

aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

18.     That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair,  making said sidewalk dangerous and unsuitable for the use by persons.  Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE CITY OF NEW YORK, their agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

19     That this action falls within one or more of the exceptions set forth in CPLR 1602.

20     Both actual and constructive notice are claimed.  Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

21.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily

believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION IN BEHALF OF PLAINTIFF ASHER EHRENFELD AGAINST DEFENDANT THE UNITED STATES OF AMERICA

22.    This plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though the same were more wholly and fully set forth at length herein.

23.    Plaintiff ESTHER EHRENFELD was injured in a sidewalk accident on 11/20/2006, as set forth above.

24.    At the time of the accident, the plaintiff ESTHER EHRENFELD was lawfully on the sidewalk which abutted premises owned by the defendant UNITED STATES operated by the Department of Veterans Affairs.

25.    As result of said accident, plaintiff ESTHER EHRENFELD was injured and received medical treatment and incurred medical expenses.

26.    That at all the times herein mentioned, the defendant UNITED STATES was the owner of the aforementioned property abutting the sidewalk where the accident occurred.

27.    That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees operated the aforementioned property.

28.    That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees maintained the aforementioned roadway and sidewalks property.

29.    That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees managed the aforementioned property.

30.    That at all the times herein mentioned, the defendant UNITED STATES, its agents, servants and/or employees controlled the aforementioned property.

31.    That at all the times herein mentioned, it was the duty of the defendant(s), its

agents, servants and/or employees to keep and maintain said roadway in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

32.     That on or about 11/20/2006, while plaintiff was lawfully walking on the aforementioned sidewalk plaintiff Esther Ehrenfeld was precipitated and caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

33.     That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalk to be become, and remain in a dangerous, defective, raised, hazardous, unleveled, irregular, uneven, unsafe, broken, improperly designed, constructed and/or repaired condition and in a state of disrepair, making said sidewalk dangerous and unsuitable for the use by persons. Defendants were negligent in allowing and/or permitting said location to constitute a nuisance, a trap, and a trip hazard, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time all of which THE UNITED STATES OF AMERICA, their agents, servants and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warning and/or other devices to apprise persons of the dangerous, unsafe conditions so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and into failing to comply with the rules, regulations, laws, statutes and ordinances made and provided therefore.

34     That this action falls within one or more of the exceptions set forth in CPLR 1602.

35     Both actual and constructive notice are claimed. Actual notice in that the

defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

36.    That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

AS AND FOR A THIRD CAUSE OF ACTION IN BEHALF<br>OF PLAINTIFF ASHER EHRENFELD

37.    Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

38.    That the plaintiff Esther Ehrenfeld is the wife of this plaintiff, resides with him and to whose services, aid, society, support and consortium he is entitled.  As a result of the aforesaid, this plaintiff sustained damages for the loss of services, aid, society, support and consortium of his said wife in all to his damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment against the defendants in the FIRST cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the SECOND cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment against the defendants in the THIRD cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of this action.

Yours, etc.

BY: GENE L. CHERTOCK, ESQ. (GLC7053)
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
291 Broadway
New York, New York  10007

STATE OF NEW YORK,
COUNTY OF NEW YORK)

**ESTHER EHRENFELD** being duly sworn, deposes and says that I am the plaintiff in the

within action, that I have read the foregoing SUMMONS AND COMPLAINT and know the contents

thereof; that the same is true to my knowledge, except as to the matters therein stated to the alleged

on information and belief, and that as to those matters, I believe them to be true.

This SUMMONS AND COMPLAINT and the papers on which it is based, are certified

pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR).

ESTHER EHRENFELD

Sworn to before me this
day of  SEPT  , 2007

JOSEPH SCHWARTZ
NOTARY PUBLIC, State of New York
No. 01SC5068450
Qualified in Kings County
Commission Expires Dec. 31, 20__

Index No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ESTHER EHRENFELD and ASHER EHRENFELD

                              Plaintiff (s),

        -against-

THE UNITED STATE S OF AMERICA and THE CITY OF NEW YORK

                    Defendant (s),

---

### SUMMONS AND COMPLAINT

---

**SUBIN ASSOCIATES, L.L.P.**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
291 Broadway, 9th Floor
New York, NY 10007
Telephone (212) 285-3800
Fax 571-0082 **(For Court Use Only)**

*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

---

To:
Attorney(s) for

---

Service of a copy of the within is hereby admitted
Dated:,

                    ......................................................
                    Attorney(s) for

---

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on            , 20___.
  **ENTRY**

☐    That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within

**SETTLEMENT** named court,
                    at
                    on            , 20___ , at 10:00 a.m.

Dated:

                                        SUBIN ASSOCIATES, L.L.P.
                                        Attorneys for plaintiff(s)
                                        291 Broadway, 9th Floor
                                        New York, NY 10007
        Attorney(s) for Defendant(s)              (212) 285-3800