**EXHIBIT G**

*NYC Administrative Code § 19-152*

NEW YORK CITY CODE, CHARTER AND RULES
Copyright 2008 New York Legal Publishing Corporation a New York corporation,
All Rights Reserved

***** Current through June 30, 2007 *****

ADMINISTRATIVE CODE OF THE CITY OF NEW YORK
Title 19: TRANSPORTATION
Chapter 1: STREETS AND SIDEWALKS
SUBCHAPTER 1: CONSTRUCTION, MAINTENANCE, REPAIR, OBSTRUCTION AND CLOSURE OF STREETS

NYC Administrative Code § 19-152

§ 19-152 Duties and obligations of property owner with respect to sidewalks and lots.

a. The owner of any real property, at his or her own cost and expense, shall (1) install, construct, repave, reconstruct and repair the sidewalk flags in front of or abutting such property, including but not limited to the intersection quadrant for corner property, and (2) fence any vacant lot or lots, fill any sunken lot or lots and/or cut down any raised lots comprising part or all of such property whenever the commissioner of the department shall so order or direct. The commissioner shall so order or direct the owner to reinstall, construct, reconstruct, repave or repair a defective sidewalk flag in front of or abutting such property, including but not limited to the intersection quadrant for corner property or fence any vacant lot or lots, fill any sunken lot or lots and/or cut down any raised lots comprising part or all of such property after an inspection of such real property by a departmental inspector. The commissioner shall not direct the owner to reinstall, reconstruct, repave or repair a sidewalk flag which was damaged by the city, its agents or any contractor employed by the city during the course of a city capital construction project. The commissioner shall direct the owner to install, reinstall, construct, reconstruct, repave or repair only those sidewalk flags which contain a substantial defect. For the purposes of this subdivision, a substantial defect shall include any of the following:

1. where one or more sidewalk flags is missing or where the sidewalk was never built;

2. one or more sidewalk flag(s) are cracked to such an extent that one or more pieces of the flag(s) may be loosened or readily removed;

3. an undermined sidewalk flag below which there is a visible void or a loose sidewalk flag tht rocks or seesaws;

4. a trip hazard, where the vertical grade differential between adjacent sidewalk flags is greater than or equal to one half inch or where a sidewalk flag contains one or more surface defects of one inch or greater in all horizontal directions and is one half inch or more in depth;

5. improper slope, which shall mean (i) a flag that does not drain toward the curb and retains water, (ii) flag(s) that must be replaced to provide for adequate drainage or (iii) a cross slope exceeding established standards;

6. hardware defects which shall mean (i) hardware or other appurtenances not flush within 1/2" of the sidewalk surface or (ii) cellar doors that deflect greater than one inch when

walked on, are not skid resistant or are otherwise in a dangerous or unsafe condition;

7. a defect involving structural integrity, which shall mean a flag that has a common joint, which is not an expansion joint, with a defective flag and has a crack that meets such common joint and one other joint;

8. non-compliance with DOT specifications for sidewalk construction; and

9. patchwork which shall mean (i) less than full-depth repairs to all or part of the surface area of broken, cracked or chipped flag(s) or (ii) flag(s) which are partially or wholly constructed with asphalt or other unapproved non-concrete material; except that, patchwork resulting from the installation of canopy poles, meters, light poles, signs and bus stop shelters shall not be subject to the provisions of this subdivision unless the patchwork constitutes a substantial defect as set forth in paragraphs (1) through (8) of this subdivision.

a-1. An owner of real property shall bear the cost for repairing, repaving, installing, reinstalling, constructing or reconstructing any sidewalk flag in front of or abutting his or her property, including but not limited to the intersection quadrant for corner property, deemed to have a substantial defect which is discovered in the course of a city capital construction project or pursuant to the department's prior notification program, wherein the department receives notification of a defective sidewalk flag(s) by any member of the general public or by an employee of the department. However, with respect to substantial defects identified pursuant to the prior notification program, the sidewalk must be deemed to be a hazard prior to the issuance of a violation for any substantial defect contained in subdivision a of this section for any sidewalk flag on such sidewalk. For purposes of this subdivision, a hazard shall exist on any sidewalk where there is any of the following:

1. one or more sidewalk flags is missing or the sidewalk was never built;

2. one or more sidewalk flag(s) is cracked to such an extent that one or more pieces of the flag(s) may be loosened or readily removed;

3. an undermined sidewalk flag below which there is a visible void;

4. a loose sidewalk flag that rocks or seesaws;

5. a vertical grade differential between adjacent sidewalk flags greater than or equal to one half inch or a sidewalk flag which contains one or more surface defects of one inch or greater in all horizontal directions and is one half inch or more in depth; or

6. cellar doors that deflect greater than one inch when walked on, are not skid resistant or are otherwise in a dangerous or unsafe condition.

b. All such work shall be done in accordance with such specifications and regulations prescribed by the department.

c. Whenever the department shall determine that a sidewalk flag should be installed, constructed, reconstructed, or repaved, or that a vacant lot should be fenced, or a sunken lot filled or a raised lot cut down, it may order the owner of the property abutting on such sidewalk flag or the owner of such vacant, sunken or raised lot by issuing a violation order to perform such work. Such order shall provide a detailed explanation of the inspection and the sidewalk defects according to sidewalk flags including a detailed diagram of the property and defects by type. The order shall also inform the owner of the existence of the borough offices within the department together with an explanation of the procedures utilized by the borough office as provided for in paragraph eighteen of subdivision a of section twenty-nine hundred three of the New York city charter as well as a complaint and appeal process, including the

right to request a reinspection and then the right to appeal by filing a notice of claim with the office of the comptroller of the city of New York and thereafter a petition for appeal and commence a proceeding to review and/or correct the notice of account and/or the quality of the work performed under the direction of or by the department as provided herein and the procedures as to how to appeal by filing a notice of claim with the office of the comptroller of the city of New York and how to file a petition and commence a proceeding to review and/or correct the notice of account and/or the quality of the work performed as provided herein and the location, where the forms may be obtained. Such order shall specify the work to be performed, an estimate of the cost of the work to repair the defects and the order shall also specify a reasonable time for compliance, provided that the time for compliance shall be a minimum of forty-five days. The department shall, by appropriate regulations, provide for a reinspection by a different departmental inspector than the inspector that conducted the first or original inspection upon request of the property owner to the appropriate borough office. Where appropriate, the department shall notify the property owner of the date of reinspection at least five days prior to the reinspection date. Such inspector conducting the reinspection shall conduct an independent inspection of the property without access to the reports from the first inspection. The inspector conducting the reinspection shall file a new report and the department shall issue a new order to the owner specifying the results of the reinspection with a detailed diagram of the property and defects by type. Such order shall also advise the owner of the procedures utilized by the borough office as provided for in paragraph eighteen of subdivision a of section twenty-nine hundred three of the New York city charter and also of the right to challenge the notice of account and/or the quality of the work performed by filing a notice of claim with the office of the comptroller and thereafter a petition and commence a proceeding to review and/or correct the notice of account and/or the quality of the work performed under the direction of or by the department as provided in sections 19-152.2 and 19-152.3 of the code and specify the procedures as to how to appeal by filing a notice of claim with the office of the comptroller of the city of New York and how to file a petition and commence a proceeding to review and/or correct the notice of account and/or the quality of the work performed and the location where the forms may be obtained.

d. If the department has been notified in writing of the existence of a defective, unsafe, dangerous or obstructed condition of a sidewalk pursuant to subdivision (c) of section 7-201 of the code, and the department determines that such condition constitutes an immediate danger to the public, it may notify the property owner that such condition constitutes an immediate danger to the public and direct such owner to repair same within ten days of the service of the notice.

e. Upon the owner's failure to comply with such order or notice within forty-five days of service and filing thereof, or within ten days if such period is fixed by the department pursuant to subdivision d of this section, the department may perform the work or cause same to be performed under the supervision of the department, the cost of which, together with administrative expenses, as determined by the commissioner, but not to exceed twenty percent of the cost of performance, shall constitute a debt recoverable from the owner by lien on the property affected or otherwise. Upon entry by the city collector, in the book in which such charges are to be entered, of the amount definitely computed as a statement of account by the department, such debt shall become a lien prior to all liens or encumbrances on such property, other than taxes. An owner shall be deemed to have complied with this subdivision if he or she obtains a permit from the department to perform such work as specified in the order within the time set forth therein and completes such work within ten days thereafter.

f. Service of a notice or order by the department upon an owner pursuant to the provisions of this section shall be made upon such owner or upon his or her designated managing agent personally or by certified or registered mail, return receipt requested, addressed to the person whose name appears on the records of the city collector as being the owner of the premises. If the records of the city collector show that a party, other than the owner, has been designated to receive tax bills for such property, the notice shall be mailed to such

Get a Document by Citation - NYC Administrative Code § 19-152
Case 1:07-cv-08550-PKC Document 5-8 Filed 06/24/2008 Page 5 of 7
Page 4 of 7

party as well as to the owner of record, at his or her last known address, or, if it is a multiple dwelling, service upon the owner or managing agent may be made in accordance with section 27-2095 of the code. If the postal service returns the order with a notation that the owner refused to accept delivery of such notice, it may be served by ordinary mail and posted in a conspicuous place on the premises.

g. A copy of such notice or order shall also be filed in the office of the clerk of each county where the property is situated, together with proof of service thereof.

h. Nothing contained in this section shall impair or diminish the power of the city to install, construct, reconstruct, repave or repair sidewalk flags or to fence vacant lots or to fill sunken lots or to cut down raised lots or to enter into contracts with the owners of premises abutting on streets for such installation, construction, reconstruction, repaving or repair of sidewalk flags or fencing of vacant lots or filling of sunken lots, or cutting down of any raised lots, in accordance with the rules of the procurement policy board. Nor shall anything contained in this section affect or impair any act done or right accrued or accruing, or acquired, or liability incurred prior to the effective date of this section, but the same may be enjoyed or asserted as fully and to the same extent as if this section had not been enacted.

i. After the work has been performed or after inspection by the department in the case where the work was performed under the direction of the department a notice of such account, stating the amount due and the nature of the charge, shall be mailed by the city collector, within five days after such entry, to the last known address of the person whose name appears on the records of the city collector as being the owner or agent or as the person designated by the owner to receive tax bills or, where no name appears, to the premises, addressed to either the owner or the agent. Such notice shall also inform the addressee of the existence of a complaint and appeal process including the procedures utilized by the borough office as provided for in paragraph eighteen of subdivision a of section twenty-nine hundred three of the New York city charter the right to appeal the amount due and the quality of work performed under the direction of or by the department by filing a notice of a claim with the office of the comptroller of the city of New York and thereafter by filing a petition and commence a proceeding to review and/or correct the notice of such account and/or the quality of the work performed under direction of or by the department as provided in section 19-152.2 and 19-152.3 of the code and the location where the forms may be obtained. The owner shall only be responsible for the cost of reinstalling, constructing, reconstructing, repaving or repairing defective sidewalk flags ordered or directed by the department, not an entire sidewalk if the entire sidewalk lacks defects.

j. If such charge is not paid within ninety days from the date of entry, it shall be the duty of the city collector to charge and receive interest thereon, to be calculated to the date of payment from the date of entry.

(1) Except as otherwise provided in paragraph (2) of this subdivision, interest shall be charged at the rate of interest applicable to such property for real property taxes pursuant to section 11-224 of the code.

(2) With respect to any parcel on which the annual tax is not more than two thousand seven hundred fifty dollars, other than a parcel which consists of vacant or unimproved land, interest shall be charged at the rate determined pursuant to subdivision p or at the rate of eight and one-half percent whichever is lower.

k. Such charge and interest shall be collected and the lien thereof may be foreclosed in the manner provided by law for the collection and foreclosure of the lien of taxes, sewer rents, sewer surcharges and water charges due and payable to the city, and the provisions of chapter four of title eleven of the code shall apply to such charge and the interest thereon and the lien thereof.

Get a Document - by Citation - NYC Administrative Code § 19-152
Case 1:07-cv-08559-RKC Document 15-8 Filed 06/24/2008 Page 6 of 11
Page 5 of 7

l. In addition to collecting the charge for the cost of installation, construction, repaving, reconstruction and repair of sidewalk, fencing of a vacant lot, filling of a sunken lot and/or cutting down any raised lot as a lien, the city may maintain a civil action for recovery of such charge against a property owner who is responsible under this section for such work in the first instance, provided, however, that in the event that the department performs the work without duly notifying such person in the manner prescribed in subdivision f, the cost to the city of performing such work shall be prima facie evidence of the reasonable cost thereof.

m. Upon application in writing of either (i) an owner of real property which is improved by a one, two, three, four, five or six family house: or (ii) an owner of real property which has an assessed valuation of no more than thirty thousand dollars, upon which a charge in excess of two hundred fifty dollars but not in excess of five thousand dollars has been entered pursuant to this section, the commissioner of finance may agree with the owner to divide the charge into four annual installments. Each installment shall be as nearly equal as may be. The first installment thereof shall be due and payable upon approval of the application and each succeeding installment shall be due and payable on the next ensuing anniversary date of the date of entry of the charge, together with interest thereon from the date of entry at the rate determined pursuant to subdivision p, or at the rate of eight and one-half percent per annum, whichever is lower. The commissioner may require owners of parcels making application pursuant to this subdivision to furnish satisfactory proof of their eligibility. In the event that the owner fails to make payment of any installment within thirty days of the due date, the commissioner may declare such installment agreement to be null and void and the balance of the charge shall become immediately due and payable with interest at the rate prescribed in subdivision j of this section to be calculated from the date of entry to the date of payment. The installments not yet due with interest to date of payment may be paid at any time. The city may not enforce a lien against any owner who has entered into an agreement with the commissioner of finance pursuant to this section provided that he or she is not in default thereunder. No installment shall be a lien or deemed an encumbrance upon the title to real property charged until it becomes due as herein provided. In the event that the city shall acquire, by condemnation or otherwise, any property upon which installments are not due, such installments shall become due as of the date of acquisition of title by the city and shall be set off against any award that may be made for the property acquired, with interest to the date of acquisition of title.

n. All orders or notices served by the commissioner in connection with the installation, construction, reconstruction, repavement or repair of sidewalks, fencing of vacant lots, filling of sunken lots or cutting down of raised lots and all charges arising out of the performance of such work by the department subsequent to January first, nineteen hundred seventy-seven are hereby legalized, validated, ratified and confirmed as though such orders, notices and charges were made pursuant to this section.

o. Repealed.

p. On or before the first day of June, nineteen hundred eighty-six, and on or before the first day of June of each succeeding year, the director of the office of management and budget shall determine and certify the city's cost of debt service, expressed as a percentage and rounded to the nearest one-tenth of a percentage point and shall transmit copies of such certification to the city council and the commissioner of finance. The percentage so determined and certified shall be the rate of interest applicable for purposes of paragraph (2) of subdivision j and subdivision m during the ensuing fiscal year of the city, provided, however, that for the period beginning on February third, nineteen hundred eighty-five and ending on June thirtieth, nineteen hundred eighty-six, the applicable rate of interest shall be eight and one-half percent per annum. Any rate determined pursuant to this subdivision shall apply to charges, or any portion thereof, which remain or become due on or after the date on which such rate becomes effective and shall apply only with respect to interest computed or

computable for periods or portions of periods occurring in the period in which such rate is in effect. For the purposes of this subdivision, the city's cost of debt service shall be the average rate of interest paid by the city during the first ten months of the fiscal year in which the determination is made on general obligation bonds issued by the city during such period with a maturity of four years or if no general obligation bonds with a maturity of four years are issued during such period, on general obligation bonds with a maturity of no less than three nor more than five years.

q. Notwithstanding any inconsistent provision of this section, the amount charged an owner for sidewalk reconstruction performed or caused to be performed by the department in connection with a city capital construction project for street or sewer reconstruction shall be determined according to the average city expenditure for such sidewalk reconstruction projects in the borough where such reconstruction is performed. Such average expenditure shall be computed by the commissioner.

r. The department shall keep record of all complaints submitted and work ordered and performed under this section and shall issue a public report for a minimum of three years containing such information including the number of complaints heard each year according to category, the number of reinspections performed, and the dispositions of such reinspections.

s. The provisions of sections 19-149, 19-150 and 19-151 shall not apply to orders issued pursuant to this section.

HISTORICAL NOTES:

Section amended L.L. 104/1993 § 1, eff. Jan. 27, 1994
Section added chap 907/1985 § 1
Subd. a amended L.L. 64/1995 § 1, eff. Aug. 4, 1995
Subd. a amended ch. 813/1992 § 3, eff. Nov. 5, 1992
Subd. a-1 added L.L. 64/1995 § 2, eff. Aug. 4, 1995
Subd. c first sentence amended L.L. 64/1995 § 3, eff. Aug. 4, 1995
Subd. c amended ch. 813/1992 § 4, eff. Nov. 5, 1992
Subd. e amended ch. 813/1992 § 5, eff. Nov. 5, 1992
Subd. f amended ch. 813/1992 § 6, eff. Nov. 5, 1992
Subd. h amended ch. 813/1992 § 7, eff. Nov. 5, 1992
Subd. i amended ch. 813/1992 § 8, eff. Nov. 5, 1992
Subd. j amended L.L. 67/1985 § 2
Subd. m amended L.L. 67/1985 § 1
Subd. o repealed L.L. 64/1995 § 4, eff. Aug. 4, 1995
Subd. o amended ch. 813/1992 § 9, eff. Nov. 5, 1992
Subd. o amended L.L. 67/1985 § 3
Subd. p added L.L. 67/1985 § 4
Subd. q added L.L. 48/1987 § 1
Subd. r added ch. 813/1992 § 10, eff. Nov. 5, 1992


**NOTES:**

DERIVATION:

693-6.0 added LL 70/1980 § 1
Sub m amended LL 69/1984 § 1
Sub o added LL 69/1984 § 2

CASE NOTES:

1. Notice was sent to property owners that a sidewalk needed repairs. Although they were given only a few days between delivery and commencement of work by a city contractor this is not reason enough to defeat city lien. There was no challenge to the need for repairs or the amount of the bill and petitioners' entire attack is procedural. Petitioners argument that due process was violated because property is taken without notice is incorrect because petitioner is not deprived of any property until the city commences an action after the bill goes unpaid, prove it performed the work and the cost was reasonable. Alizio v. City of N.Y., 146 Misc 2d 214 [1990].
2. St. Jacques v. City of New York, 215 A.D.2d 75, 633 N.Y.S.2d 97, 633 N.Y.S.2d 97, aff'd 88 N.Y.2d 920, 646 N.Y.S.2d 787 (1996), aff'd 1996 Westlaw 303060 (New York Court of Appeals). A police officer who fell on the sidewalk while chasing a suspect sued the City, alleging that the sidewalk was defective. The general rule is that in the absence of a statutory violation that increases the risks inherent in police work, a police officer is unable to recover against either the City or a private property owner. The officer contended that § 19-152 constitutes such a violation, but the court held that the statute did not create an affirmative duty on the City to keep its sidewalks in good repair, and that the injury arose from the ordinary risks inherent in police work. Thus, the action against the City was dismissed.
3. Where an owner failed to perform needed sidewalk repairs, the City was permitted to engage an independent contractor to complete the work, subject to statutory protections against overbilling by contractors. Lenox Terrace Development Associates v. Riccio, 200 A.D.2d 362, 606 N.Y.S.2d 183 (1st Dept. 1994).
4. Administrative Code § 19-152, can form a predicate for a claim under General Municipal Law 205-e, which provides for recovery by injured police officers against the municipality. These provisions are part of a well-developed body of law and imposes a clear legal duty on the city to take appropriate steps to keep the sidewalks in safe repair. Gonzalez v. Iacovello, 93 N.Y.2d 539, 693 N.Y.S.2d 486 (1999).
5. The statute does not impose any affirmative sidewalk maintenance duty on either the City or its contractor. Herrera v. City of New York, 8 A.D.3d 139, 779 N.Y.S.2d 27 (1st Dept. 2004).

Service: **Get by LEXSTAT®**
Citation: **N.Y. CITY ADMIN. CODE 19-152**
View: Full
Date/Time: Friday, June 6, 2008 - 5:13 PM EDT



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



*NYC Administrative Code § 7-210*

NEW YORK CITY CODE, CHARTER AND RULES
Copyright 2008 New York Legal Publishing Corporation a New York corporation,
All Rights Reserved

***** Current through June 30, 2007 *****

ADMINISTRATIVE CODE OF THE CITY OF NEW YORK
Title 7: LEGAL AFFAIRS
Chapter 2: ACTIONS AGAINST NEW YORK CITY

NYC Administrative Code § 7-210

§ 7-210 Liability of real property owner for failure to maintain sidewalk in a reasonably safe condition.

a. It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.

b. Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. This subdivision shall not apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes.

c. Notwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes) in a reasonably safe condition. This subdivision shall not be construed to apply to the liability of the city as a property owner pursuant to subdivision b of this section.

d. Nothing in this section shall in any way affect the provisions of this chapter or of any other law or rule governing the manner in which an action or proceeding against the city is commenced, including any provisions requiring prior notice to the city of defective conditions.

HISTORICAL NOTES:

Section added L.L. 49/2003 § 1, eff. Sept. 14, 2003 and applying to

accidents occurring on or after such date.

CASE NOTES:

1. The City is generally liable for accidents caused by sidewalk defects that occurred prior to

September 14, 2003. Rodriguez v. City of New York, 12 A.D.3d 282, 784 N.Y.S.2d 855 (1st Dept. 2004). Where a sidewalk accident occurred prior to that date, the abutting property owner is not liable unless the owner either caused the defect to occur because of some special use, or actually created the defect. The mere fact that the accident occurred in a sidewalk area adjacent to that portion used by the owner as a driveway does not, without more, establish liability against the owner. Zektser v. City of New York, 18 A.D.3d 869, 796 N.Y.S.2d 656 (App.Div. 2d Dept. 2005).

2. A pedestrian was injured when she slipped and fell on ice and snow on a public sidewalk, adjacent to a private business. Where, as here, the accident took place before Sept. 14, 2003 when revisions to the Administrative Code took place, the abutting property owner is liable for an injury sustained by an individual only if that person's ice and snow removal efforts made the sidewalk more hazardous. Martinez v. City of NY, 20 A.D.3d 513, 799 N.Y.S.2d 252 (2nd Dept. 2005).

Service: **Get by LEXSTAT®**
Citation: **N.Y. CITY ADMIN. CODE 7-210**
View: **Full**
Date/Time: **Friday, June 6, 2008 - 5:11 PM EDT**



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Index # 07 Civ. 8559 (PKL)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ESTHER EHRENFELD and ASHER EHRENFELD

                                Plaintiffs,

    -against-

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK

                              Defendants,
---------------------------------------------------------------X

## PLAINTIFF'S MOTION FOR ISSUE DETERMINATION AND TO PRECLUDE DEFENDANT

SUBIN ASSOCIATES, LLP
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
291 Broadway, 9th Floor
NEW YORK, NY 10007
TELEPHONE 285-3800
AREA CODE 212
**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

*To:*
*Attorney(s) for*

*Service of a copy of the within    is hereby admitted*
*Dated:,*

                                *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐         That the within is a (certified) true copy of an ORDER entered in the office
**NOTICE OF**   of the clerk of the within named court on          , 2008.
**ENTRY**

☐         That an Order of which the within is a true copy will be presented for
**NOTICE OF**   settle to the Hon.          one of the judges of the within
**SETTLEMENT**   named court,
                    at
                    on          , 2008, at 10:00 a.m.
*Dated:*

                                                                                                   SUBIN ASSOCIATES, LLP
                                                                                                              *Attorneys for plaintiff(s)*
                                                                                                              291 Broadway, 9th Floor
                                                                                                              New York, NY 10007
                                                                                                              (212) 285-380